## DANIEL B. BADGER *versus* EPHRAIM TITCOMB.

A contract to do several things at several times is divisible in its nature, and an action of assumpsit lies upon every default.

The defendant being the keeper of an office for procuring crews of vessels, in consideration of the plaintiff's engagement to furnish such supplies and advances as might be necessary in the business, promised to pay the plaintiff a certain sum for each man shipped, and to repay the advances. It was *held*, that though the agreement was entire, the *performance* was several, and that each breach of the defendant's promise would support an action of assumpsit.

A running account for goods sold, money lent, or money paid, at different times, is not an entire demand incapable of being divided for the purpose of bringing separate suits, unless there be an agreement to that effect.

If the items claimed in a subsequent action might have been proved in the former action, the presumption is that they were so proved; but this presumption may be rebutted by evidence.

If a claim which is the ground of a subsequent action was given in evidence in the former action, not for the purpose of recovering such claim, but to rebut evidence on the part of the defendant in regard to another claim, the judgment in the former action will not be a bar to the subsequent action.

ASSUMPSIT on an account annexed to the writ. Upon a case stated it appeared, that the claims of the plaintiff, set forth in his bill of particulars, were for supplies and advances furnished to seamen, and for brokerage accruing on their shipment by him, under a contract entered into between him and the defendant in January 1830, whereby the defendant, who was the keeper of an office for procuring crews for vessels, in consideration of the plaintiff's engagement to make such advances and supplies as might be necessary in that business, promised to pay the plaintiff $2·50 for each man shipped by him for a whaling voyage, if such advances and supplies were made by the plaintiff, or $1·67, in case no such advances were made by him, and the further sum of 33⅓ cents for each man shipped by him for the merchant service, and also to repay him for such advances and supplies.

The defendant set up as a defence a former judgment rendered in a suit between the parties, at the term of the Court neld in this county in November 1832, in which suit the counts were for, 1. goods sold and delivered, $1500 ; — 2. labor done and performed, $1500 ; — 3. money lent, paid, &c., $1500 ; — 4. money had and received, $1500 ; — 5. interest on money forborne, $1500 ; — and 6. on insimul computassent, $1500. In that suit the plaintiff filed a bill of particulars, claiming $1457, for advances made to seamen, under the contract above mentioned, for the month of June 1830, and a part of those made for February, March and April, 1831, and the brokerage thereon.

At March term 1832 that action was referred to a coun sellor of this Court, to be determined upon the same principles, as to law and evidence, as if tried in court.

At the hearing before the referee, the defendant produced as evidence of payment of the amount claimed in the former suit, divers receipts of the plaintiff to a large amount.

It was agreed as a fact, (if the rules of law would permit the plaintiff to prove the same, and not otherwise,) that the plaintiff could prove, that at the hearing before the referee the bill of particulars was stated by the plaintiff as the subject matter of controversy, and as comprising all the demands which he sought to recover in that suit.

The plaintiff offered before the referee, proof of other large claims against the defendant for advances and brokerage under the contract between them, being the same claims which were set forth in schedules marked A, B, C, and D, part of the bill of particulars in the present suit, and which were due and payable at the time of the commencement of the former suit. The defendant objected to the introduction of evidence in relation to those claims, as not being included in the bill of particulars.

The plaintiff also, at the hearing before the referee, proved that about the month of August 1831, the plaintiff and the defendant were engaged together several hours in examining and attempting to adjust the accounts of the plaintiff set forth in schedules C and D in the present bill of particulars ; that those schedules, in their present state, were used by the par

ties, and that after much discussion, the plaintiff agreed to deduct $20 from schedule C, and $15 from schedule D, and that thereupon the defendant said they were correct and he would pay them, and the parties separated.

It was also agreed, (if the rules of law would permit the plaintiff to prove the same, and not otherwise,) that the plaintiff could prove that the claims set forth in the present bill of particulars, in schedules A, B, C, and D, were, at the hearing the referee, stated by the plaintiff to be put in evidence as affecting the application of the sums given in evidence as payment by the defendant.

The referee proceeded to the determination, and made an award upon the claims contained in the former bill of particulars alone.

If the former judgment was not by law a bar to any part of the plaintiff's claim, the case was to be sent to an auditor.

*Bartlett*, for the defendant. The declaration in the former *March 25th.* action comprised the same subject matter which is now in suit, and evidence having been offered in support of each of the counts, the plaintiff is concluded by the judgment.

From the nature of the thing, a bill of particulars could not be filed under the count on insimul computassent, and as that count would cover the settlement made as to the claims in schedules C and D, and as evidence applicable to that count was given in before the referee, the judgment is a bar to the items included in those schedules. *Hess* v. *Heeble,* 6 Serg. & Rawle, 57 ; *Wheeler* v. *Van Houten,* 12 Johns. R. 311 ; *Smith* v. *Whiting,* 11 Mass. R. 445 ; *Smith* v. *Johnson,* 15 East, 213.

The contract of January 1830, to furnish advances, was entire, and after a judgment in one action upon it, no further action upon it can be sustained. No time was limited for the continuance of the contract, but the bringing of the first suit put an end to it. The whole of the plaintiff's demand was due at that time. Com. Dig. *Action, K,* 3 ; *Guernsey* v. *Carver,* 8 Wendell, 492 ; *Miller* v. *Covert,* 1 Wendell, 487 ; *Smith* v. *Jones,* 15 Johns. R. 229 ; *Farrington* v. *Payne,* 15 Johns. R. 432 ; *Willard* v. *Sperry,* 16 Johns. R. 121.

Even if there had been no contract to make the advances,

but they had stood merely in book account, all the items being due, it would not have been competent to the plaintiff to divide the account and bring a separate action upon each item. *Guernsey* v. *Carver*, 8 Wendell, 492.

*S. D. Parker*, for the plaintiff. The merits of this action were not touched in the former suit. A bill of particulars is to be regarded as a part of the declaration ; it is a filling up of the outline ; *Fleurot* v. *Durand*, 14 Johns. R. 329 ; *Ryckman* v. *Haight*, 15 Johns. R. 222 ; *Babcock* v. *Thompson*, 3 Pick. 446 ; the party is confined to it in his proof; *Holland* v. *Hopkins*, 2 Bos. & Pul. 243 ; *S. C.* 3 Esp. R. 168 ; and a judgment upon it will be no bar to an action for other demands. *Seddon* v. *Tutop*, 6 T. R. 607 ; *S. C.* 1 Esp. R. 401 ; *Stafford* v. *Clark*, 9 Moore, 738 ; *Brittingham* v. *Stevens*, 1 Hall's (N. Y.) R. 380 ; *Webster* v. *Lee*, 5 Mass. R. 334 ; *Phillips* v. *Berick*, 16 Johns. R. 136. Although there was a count on insimul computassent, no evidence was given to support it, unless it be considered as embraced by the bill of particulars. But we contend that the bill of particulars applied to this count as well as to the others. Chitty on Bills, (6th edit.) 366 ; *Highmore* v. *Primrose*, 5 Maule & Selw. 65 ; *May* v. *King*, Bull. N. P. 129. The schedules C and D were offered in evidence before the referee, not for the purpose of recovering the items contained in them, but to show that receipts produced by the defendant were not applicable to the items in the bill of particulars.

The contract was not entire and indivisible, but was a continuing, executory contract, designed to embrace distinct transactions. The advances made by the plaintiff were to be repaid from time to time. It was like a contract for the payment of rent, which may be sued for as it accrues.

*March 31st.*   WILDE J. delivered the opinion of the Court. This is an action of assumpsit on an account annexed to the writ, in which the defendant is debited with sundry supplies and advances furnished seamen, and for brokerage, in pursuance of a certain contract made between the parties before the charges and items in the plaintiff's account now claimed to be recovered. The defendant pleads a former judgment in a suit brought by the plaintiff for the same identical cause of action ;

and the general question is, whether this plea is a sufficient bar. And this question depends on two positions assumed by the defendant's counsel, either of which, if well maintained, is decisive in his favor.

The first position is, that the several items in the plaintiff's account and those sued for in the former action, are par.⹄ of one entire and indivisible demand, the whole being due and payable at the time of the commencement of the plaintiff's first action. The defendant's second position is, that, admitting the demands to be several and independent, still all the demands were due and payable at the time of the commencement of the first action and might have been recovered in that action, and evidence touching them was laid before the referee to whom that action was submitted.

With respect to the first point, it is undoubtedly true, that only one action can be maintained for the breach of an entire contract, unless, by the terms of it, it is in its nature divisible. But if one contracts to do several things, at several times, an action of assumpsit lies upon every default; for although the agreement is entire, the performance is several, and the contract is divisible in its nature. Thus, on a note or other contract payable by instalments, assumpsit lies for non-payment after the first day; or where interest is payable annually, the payment of the principal being postponed to a future time, assumpsit lies for the non-payment of interest, before the principal becomes due and payable. In all such cases, although the contract is in one sense entire, the several stipulations as to payment and performance are several, and are considered in respect to the remedy as several contracts. This principle has long been well settled, although the law in this respect has been very much modified by modern decisions.

Still however the law seems to remain unchanged in respect to obligations to pay money by instalments, so that debt will not lie till all the days of payment are past. A distinction has been made between a contract to pay five sums of £20 each, on five different days, and a contract to pay £100 by five sums of £20 on different days; — a distinction, as Lord *Loughborough* remarks, in the case of *Rudder* v. *Price*, 1 H.

35 *

Badger
*v.*
Titcomb.

Badger
*v.*
Titcomb.

Bl. 550, which is merely verbal, the substantial meaning being the same in each.

After the action of assumpsit was introduced, a more liberal construction of contracts not under seal was adopted. But, at first, it was held, that although, where the contract was to pay by instalments, assumpsit would lie on default of the first payment, yet the plaintiff was obliged to demand his whole damages, although only one of the several instalments was payable ; on the ground that the contract was entire, and that no new action could be maintained. In the case of *Peck* v. *Redman*, Dyer, 113, the judges were equally divided That was assumpsit on a contract to deliver twenty quarters of barley annually, during the lives of the contracting parties. The breach was for non-delivery of the twenty quarters of barley for three years, and the question was whether the plaintiff was entitled to damages in recompense of the whole bargain, as well for the time to come as for the past. The case does not appear to have been decided ; the whole doubt and difficulty arose from considering the contract entire and indivisible. This doubt does not appear to have been finally removed till the case of *Cooke* v. *Whorwood*, 2 Saund. 337, where the court determined, that in assumpsit to perform an award whereby the defendant was awarded to pay the plaintiff several sums of money, *at several times*, an action might be maintained for such sum only, as was due at the time when the action was brought ; and that the plaintiff should recover accordingly, and have a new action as the other sums became due, *toties quoties*. In the case of *Rudder* v. *Price*, before cited, the cases on this point are reviewed by Lord *Loughborough* in a very able opinion, and I am not aware that any question has since been made as to the law in this particular. So that the principle is well established, that a contract to do several things at several times, is divisible in its nature ; and that an action will lie for the breach of any one of the stipulations, each of these stipulations being considered as a several contract.

This we consider decisive as to the entirety of the contract set up by the defendant's counsel.

We do not however consider this or the former action as

founded on the contract in question.  That contract or agree-
ment, it is true, was intended to regulate the dealings between
the parties as to profits, compensation, &c., while they con-
tinued to deal together without making any new agreement.
But we do not understand that the parties were bound by the
agreement for any particular time ; and if it were otherwise,
this s not an action for a breach of the agreement ; the agree-
ment s only important as to the measure of damages.   But
the action is founded on the advances made by the plaintiff
and the other items in the account annexed to the writ.   For
these, the plaintiff would be entitled to recover, whether there
was or was not such an agreement as that relied on by the
defendant's counsel.

The defendant next contends, that a running account for
goods sold, money paid, &c., is an entire demand, incapable
of being split up for the purpose of bringing separate suits,
and the case of *Guernsey* v. *Carver*, 8 Wendell, 492, is relied
on in support of this position ; and if that case was rightly de-
cided, we think it would maintain the present defence.   But
we know of no principle of law, nor of any other decided
case, on which the decision in that case can be sustained.   It
is said, that the law abhors a multiplicity of suits ; and this
seems to be the only ground of the decision in that case.
But that reason would apply to notes of hand and other de-
mands unquestionably several and independent.   If any evils
should arise from multiplying suits which might be joined, it is
for the legislature to provide a remedy.   There is already a
law on this subject, by which a plaintiff, who brings several
actions on demands which may be joined, is restricted in the
recovery of his costs ; and if the provisions of this law are
not sufficient, it is for the legislature to supply the deficiency.
As the law is, we think it cannot be maintained, that a running
account for goods sold and delivered, money loaned, or
money had and received, at different times, will constitute
an entire demand, unless there is some agreement to that
effect, or some usage or course of dealing, from which such
an agreement or understanding may be inferred.   No such
agreement or course of dealing is set up in this case, and con-
sequently the defendant's plea that the cause of action in this

suit is identical with that of the former action, cannot be maintained.

With regard to the second ground of defence, we think the principle of law on which it depends is well settled. If the items now claimed could have been proved in the former action, the presumption is that they were so proved. But this presumption may be rebutted ; and if the plaintiff can prove that the claims now made, were not submitted to the referee in the former action, and that no evidence was offered to support them, he may well recover them in this action. This principle is laid down in the case of *Webster* v. *Lee*, 5 Mass. R. 334 ; and the same principle, with similar limitations, is laid down in *Golightly* v. *Jellicoe*, 4 T. R. 147 note ; and afterwards in the case of *Seddon* v. *Tutop*, 6 T. R. 607. In that case the plaintiff in a former action declared on a promissory note and for goods sold and delivered ; but upon executing a writ of inquiry, after judgment by default, gave no evidence on the count for goods sold and delivered, and took his damages for the amount of the promissory note only. The court ruled, that judgment thereupon was no bar to his recovering in a subsequent action for the goods sold.

We do not however understand that the defendant's counsel deny the general principle, but they contend, that evidence was offered before the referee touching a part or the whole of the present claim. But the plaintiff offers to prove, that this evidence was not offered in support of his claim in the former action, but *diverso intuitu*, as affecting the application of the sums of money given in evidence as payment by the defendant. And that at the hearing before the referee, the bill of particulars in the former action, not comprising any item of account now claimed, was stated by the plaintiff as the subject matter of controversy, and as including all the demands he sought to recover in that suit. The defendant agrees that the fact is so, if it is competent for the plaintiff to prove it ; as to which, we think there can be no doubt.

*Auditor appointed.*