Henry Mohr, Appellant, *v.* Barnet Weinstein, Respondent.

Second Department, November 12, 1926.

**Bills and notes — action to recover reasonable attorney's fees for making collection of note — note stipulated payment thereof — cause of action did not accrue until completion of attorney's services in collecting note — action on note, recovery of judgment and collection thereof not bar to this action.**

A cause of action to recover the reasonable attorney's fees for the collection of a promissory note, based upon a stipulation in the note for the payment of reasonable fees for making collection of the amount due, does not arise until the completion of the attorney's services in collecting the note.

The bringing of an action on the note and the recovery of a judgment and the collection thereof by the payee did not constitute a bar to the present action to recover the value of the attorney's services.

Appeal by the plaintiff, Henry Mohr, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 14th day of July, 1926, dismissing the amended complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

*Frank W. Holmes,* for the appellant.

*Joseph Katz* [*Henry D. Levy* with him on the brief], for the respondent.

Kelly, P. J. The defendant's promissory note contained an agreement to pay the amount thereof with interest at a date and place definitely fixed, and on the face of the note the defendant " agreed that in case suit should be brought for the collection of said note or the same has to be collected upon demand of an attorney, to pay the reasonable attorney's fees for making such collection." We are of opinion that the cause of action set forth in the complaint did not accrue until the completion of the attorney's services in collecting the note. On defendant's refusal to pay, the attorney instituted an action which went to trial; he recovered a judgment for plaintiff which he subsequently collected. Until his services were completed it was impossible to fix the reasonable value thereof. *Non constat* the action on the note might have gone to the Federal Supreme Court before the note was collected. Until " collection " the amount due for attorney's fees was not fixed and could only be guessed at. The contract of defendant was not to pay stated attorney's fees, as in the cases cited from Tennessee, Indiana and Texas, where the amount of such fees is fixed at a definite sum; the agreement here was to pay the reasonable value of the legal services required to collect the note. The amount

due could not be ascertained at the date of commencing the action on the note, and the recovery of the judgment and collection thereof in that action was not, in our opinion, a bar to the action to recover the value of the attorney's services.

The order granting defendant's motion to dismiss the complaint should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JAYCOX, MANNING, YOUNG and KAPPER, JJ., concur.

Order granting defendant's motion to dismiss amended complaint reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Defendant to have leave to serve answer within twenty days upon payment of costs.