## SHERMAN MACHINE & IRON WORKS et al. v. IVERSON SPECIALTY CO. et al.

No. 24900.    April 23, 1935.

. Tomerlin, Chandler & Shelton, Richard W. Fowler, and John Swinford, for plaintiffs in error.

Stanley B. Catlett and B. B. Kerr, for defendants in error.

PER CURIAM. This is an appeal by transcript from the judgment of the district court of Oklahoma county, Okla., in an action filed by the plaintiffs, Sherman Machine & Iron Works, a corporation, and United States Fidelity & Guaranty Company, a corporation, against the defendants, Iverson Specialty Company, a corporation, et al., to determine the plaintiffs' liability on a certain statutory bond furnished by them, which insured the payment of all indebtedness for labor and materials furnished for the construction of a certain water supply system for the Oklahoma City Air Terminal. Judgment in the lower court was for the defendants, establishing all of their claims, and the plaintiffs have appealed. For convenience, the plaintiffs in error will be hereinafter referred to as plaintiffs, and the defendants in error as defendants, as they appeared in the lower court.

On or about the 26th day of January, 1931, Sherman Machine & Iron Works entered into a contract with the city of Oklahoma City whereby Sherman Machine & Iron Works was to construct a certain water supply system for the Oklahoma City Air Terminal. This contract, among other things, provided for the drilling of a deep water well. Pursuant to section 10983, O. S. 1931, the plaintiff Sherman Machine & Iron Works, as principal, and the plaintiff United States Fidelity & Guaranty Company, as surety, executed and delivered to the city of Oklahoma City a statutory bond in the sum of $9,970 insuring the payment of all indebtedness incurred for labor and material furnished in the making of the said public improvement.

Thereafter, Sherman Machine & Iron Works entered into a contract with the defendant Dulaney Bros. under the terms of which the said Dulaney Bros., as subcontractor, agreed to drill the well to a depth of 750 feet and to furnish the labor and material therefor in consideration of $3,100.

Thereafter, the said Dulaney Bros. entered upon the performance of the said contract and incurred debts for labor and material in the drilling of the well. On or about June 1, 1931, Dulaney Bros. violated their contract and abandoned the job, leaving claims for labor and materials used therein unpaid, and it was necessary for the plaintiff to complete the well.

While Dulaney Bros. were drilling the well the plaintiffs paid out large sums of money to laborers and materialmen who furnished labor and material to Dulaney Bros., which was incorporated, in said job, and after the taking over of the work by Sherman Machine & Iron Works, it paid out additional large sums for the completion of the said well so that the aggregate amounts so paid out by it, or which it obligated itself to pay, were largely in excess of the amount due Dulaney Bros. under subcontract.

Inasmuch as Dulaney Bros. did not pay a large part of the bills incurred by them for labor and material, several of the de-

fendants who had furnished labor and material to Dulaney Bros. filed separate suits in the district court of Oklahoma county against Dulaney Bros., Sherman Machine & Iron Works, and the United States Fidelity & Guaranty Company upon these claims, and upon the statutory bond executed by Sherman Machine & Iron Works, as principal, and United States Fidelity & Guaranty Company, as surety. In order to have all of these claims adjudicated in one action, the principal and surety on the said bond, on September 29, 1931, filed their action against Dulaney Bros. and all of the defendants, setting up the facts hereinbefore set out, and asked that all parties having claims by reason of having furnished labor and material to Dulaney Bros. to be used on the job, be made parties defendant and be required to set up their claims, and that all of the suits theretofore filed be consolidated with this action, and all of the actions were consolidated on October 8, 1931.

Thereafter, the various claimants filed answers and cross-petitions setting up their claims, and the cause proceeded to trial. At the trial the court found from the evidence that Sherman Machine & Iron Works was not indebted to Dulaney Bros. on the subcontract, and that it had already advanced and paid out to Dulaney Bros., and for their account to laborers and materialmen furnishing labor and materials under the subcontract, sums of money in excess of any indebtedness due or that might be due and payable under the said subcontract to Dulaney Bros.

The court further found that certain defendants and cross-petitioners were not entitled to any judgment in the case, and then found that the remaining claimants were entitled to judgment against the plaintiffs upon the statutory bond furnished by them, in various amounts set forth in the journal entry of judgment. Plaintiffs filed their motion for new trial, alleging as error on the part of the court the same grounds as are set forth in the petition in error and as hereinafter set out. The motion for new trial was overruled, and the case appealed to this court.

Since the filing of this appeal, the judgments of the defendants Feenberg Supply Company and Reynolds & Rork, Inc., have been compromised and settled and stipulations have been filed with the clerk of this court dismissing this appeal as to these two parties.

There are three questions to be decided upon this appeal, and we will dispose of them in the order in which they appear in the specifications of error, as follows:

1. The plaintiffs contend that no recovery can be had upon such a statutory bond for rent for the use of equipment and repairs to such equipment.

The claims of both the Iverson Specialty Company and the Eureka Tool Company are for rent of equipment to Dulaney Bros., the subcontractors, and repairs to such equipment. The bond in question is conditioned for the payment of all labor and material which was used in the construction of the improvement, and while some of the courts hold that claims for rent of equipment are protected by such a bond, this court has held directly to the contrary in the case of Southern Surety Co. v. Municipal Excavator Co., 61 Okla. 215, 160 P. 617. And in the case of Fuller v. Brooks, 117 Okla. 252, 246 P. 369, this court held that claims for materials furnished the assignee of the contractor for the repairs of tractor used by him in the construction of the work are not protected by such a bond. Neither the Iverson Specialty Company nor the Eureka Tool Company has favored this court with a brief on these questions, and, as the above cited cases appear to control them, it is our opinion that these two claims cannot be sustained, and that the lower court committed error in allowing them.

2. The plaintiffs contend that no recovery can be had on such a statutory bond against the principal contractor and his surety for interest upon claims of laborers and materialmen furnishing labor and materials directly to a subcontractor and not to the original contractor.

On this proposition, this court has heretofore held, in the case of Metropolitan Casualty Ins. Co. v. Dolese Bros. Co., 163 Okla. 36, 20 P. (2d) 569, that interest on claims for labor and materials furnished, which was actually used in the construction of the work, is a part of the indebtedness covered by the statutory bond. In that case, the plaintiff, who was allowed interest, was a subcontractor, and if the subcontractor is entitled to interest, there is no reason why those furnishing such materials and labor to such subcontractor are not also entitled to interest on their claims. We think that the lower court committed no error in allowing interest on these claims.

3. The plaintiffs contend that no recovery can be had on such a statutory bond against the principal contractor and his surety by laborers and materialmen for labor and materials furnished directly to a subcontractor,

and not to the original contractor, where the original contractor has already paid to such subcontractor's laborers and material-men sums in excess of the total subcontract price.

It appears that the claims in question are for labor and materials furnished the subcontractor, Dulaney Bros., and also, from the judgment of the court below, that the main contractor had already paid out for materials and labor furnished the said subcontractor amounts in excess of the sub-contract price. The position of the plain-tiffs here would be more tenable were this a suit to establish laborers' and material-men's liens against the property of the owner. But it is not, being a suit to de-termine the liability of the principal and surety on a statutory bond, furnished on the construction of public works.

There is a difference in the law, as to the establishment of a laborer's or material-men's lien against the property of the own-er, and the liability of the principal and surety on the statutory bond in question. In the case of Federal Surety Co. v. St. Louis Structural Steel Co., 111 Okla. 208, 239 P. 154, this court held that the plaintiff steel company could recover for a bridge, against the surety on the statutory bond, although the steel furnished was not used in the completed structure, so that, under the la-borers' and mechanics' lien law, the steel company could not have established a lien against the property of the owner. In that case, this court, in speaking of this differ-ence, says:

"The considerations which support sur-ety bond are entirely different from those considerations which support a mechanics' lien against the owner for material sold and delivered to the contractor. It would not appear that cases involving the conditions which support a mechanics' lien would be helpful in determining the construction which ought to be placed upon the statute and bond involved in this case, for the rea-son that the bond rests upon different con-ditions. The court will consider the situa-tion of the parties, the subject-matter, and the purposes to be effected by the surety contract in arriving at the intended mean-ing of the parties as expressed by the writ-ten contract."

And in the case of Fuller v. Brooks, 117 Okla. 252, 246 P. 369, this court said:

"The surety company contends that the defendants are only liable for the value of such material as was used in the public improvements. The defendants cite several cases to support their contention. However, several of the cases involve the enforce-ment of mechanic's lien between material-men and the owners of the improvements. The defendants desire to make the rule ap-plicable to the enforcement of the mechan-ic's lien as the guide in construing the bonds given pursuant to section 7486, supra.

"The liability of a surety company upon a builder's bond given pursuant to section 7486, supra, is not always measured by the rule applicable to the enforcement of the mechanic's lien between the owner of the improvements and the materialmen. There is a distinction to some extent between the principles applying in the respective cases."

And syllabus 2 to the said case is as fol-lows:

"The builder's bond provided for by sec-tion 7486, Compiled Statutes of 1921, is liable for all material furnished to the con-tractor or subcontractor, and used in, or consumed in, the course of the construction of the project."

Section 7486, Comp. Stats. of 1921, is the same as section 10983, O. S. 1931. So that, even though the defendants in this case might not have been able to establish liens against the property of the owner, on ac-count of the subcontractor having been al-ready overpaid, still we think that they are entitled to recover on the bond. For at the time that all of the contracts and agreements in this case were entered into, all of the parties knew that the contemplated improve-ment was a public project, and that no liens whatsoever could be secured against the property. Therefore, the sole and only pro-tection to the laborers and materialmen in this case was the statutory bond furnished by the plaintiffs, containing the provision "to well and truly pay all indebtedness in-curred for labor and material furnished in the making of the said public improvement." And as the labor and materials here were used in the making of said public improve-ment, it is our opinion that they should be paid for, and that the plaintiffs should be held liable on the bond, and that the deci-sion of the lower court in this regard should be affirmed.

The decision of the lower court is affirmed, except as to that part of the judgment in favor of the Iverson Specialty Company and the Eureka Tool Company, which is revers-ed, and the cause remanded to the lower court, with instructions to render judgment in favor of the plaintiffs as to these two claims.

The Supreme Court acknowledges the aid of Attorneys W. H. H. Clayton, J. H. Gor-don, and George M. Porter in the prepara-tion of this opinion. These attorneys con-

stituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Clayton and approved by Mr. Gordon and Mr. Porter, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.