**MEINHARD, GREEFF & CO., Inc. v. BROWN.**

**In re CAROLINA MILLS, Inc.**

**No. 6443.**

United States Court of Appeals Fourth Circuit.

Argued June 16, 1952.

Decided Sept. 17, 1952.

Alphonse A. Laporte and Joseph S. Fechteler, New York City (Clarke W. Mc-Cants, Jr., Columbia, S. C., on brief), for appellant.

Herbert Berman, New York City (Tenzer, Greenblatt, Fallon & Kaplan, New York City, and Henry Hammer, Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is another appeal by Meinhard Greeff & Company in the Chapter X, 11 U.S.C.A. § 501 et seq., reorganization proceeding of Carolina Mills, Inc., hereafter referred to as debtor, which was before us in Meinhard, Greeff & Company v. Edens 4 Cir., 189 F.2d 792. On that appeal it was adjudged that the amount of the claim for advancements provable by Meinhard Greeff & Company, hereafter referred to as claimant, in the reorganization proceeding was $62,886.28 and that of this amount $46,147.66 was secured by the proceeds of cotton yarn in process of manufacture upon which claimant held a lien. This appeal relates to the rights of claimant, with respect to a debenture bond of debtor in the sum of $233,333.34 pledged with claimant by one Henry M. Rem as additional security for the advancements. The questions relate to the amount for which the debenture bond can be held liable under the pledge and the right of claimant to vote it in the reorganization proceedings.

The facts are that on September 27, 1946, claimant entered into a factoring contract with debtor under the terms of which debtor gave claimant a lien upon the merchandise and accounts receivable of debtor, including all cotton and cotton yarn in process of manufacture, as security for all indebtedness which might be incurred under that contract. One of the provisions of the contract was "All selling expense, dyeing and finishing charges, and costs of insuring, storing, handling and shipping merchandise, and any expense we (claimant) may incur in protecting our interests under these transactions, shall be borne and paid by you (debtor)." On February 18, 1948, Henry M. Rem, who was acting with David H. Brown, the sole stockholder of debtor, wrote a letter to claimant guaranteeing the payment of all indebtedness and liability of debtor and performance of all obligations under the factoring contract, together with all costs and expenses incurred because of any default thereunder. On August 11, 1948, Rem deposited with claimant, as additional security for the indebtedness owing or which might become owing to claimant by debtor, the debenture bond of debtor in the sum of $233,333.34 under a written agreement set forth in a letter from claimant upon which Rem indorsed his agreement. That letter is as follows:

"August 11, 1948.
"Mr. Henry M. Rem
366 Fifth Avenue
New York, N. Y.
"Dear Mr. Rem:

"We acknowledge receipt of the following debenture of Carolina Mills, Inc., which is owned by you:

Ten Per Cent (10%) Debenture Bond dated September 28, 1946 and due September 28, 1951 in the face amount of Two Hundred Thirty-Three Thousand, Three Hundred and Thirty-Three Dollars and Thirty-Four Cents ($233,333.34).

"This debenture is being delivered to us as additional collateral for the obligations now in the future owing to us by Carolina

Mills, Inc., which obligations are personally guaranteed by you.

"In the event of non-payment of said obligations on demand,· we shall have the right to dispose of the above-mentioned debenture in the same manner as is provided in our factoring contract with Carolina Mills, Inc., for the liquidation of collateral pledged to us by that company.

"Upon the reduction of the indebtedness of Carolina Mills, Inc., to· us to a point where, in our opinion it is adequately·secured by collateral then pledged to us,·we agree to return to you the above-mentioned debenture.

"In confirmation of the above, will you kindly sign the enclosed copy of this letter.

"Very truly yours,
Meinhard, Greeff & Co., Inc.
Charles L. Harding, Jr.
Vice President

"Read and Agreed to:
Henry M. Rem".

Upon the claim filed against debtor in the reorganization proceedings it has been adjudged that the amount due at the time of the commencement of the proceedings was $83,143.42, but that this had been reduced by subsequent collections to· $62,886.28 and that it was secured in the amount of $46,147.66 by proceeds of cotton yarn in process of manufacture upon which claimant held a lien. In addition to filing claim in the reorganization proceedings, claimant brought an action against Henry M. Rem in the Supreme Court of New York, County of New York, to recover judgment on Rem's personal guaranty of the obligations of the debtor but asking no relief with respect to the debenture bond which had been pledged subsequent to·that guaranty. Judgment was rendered in that action in favor of claimant for the sum of $74,832.92, which included the sum of $16,713· on account of accrued interest and attorney's fees. $5,000 has been collected on the judgment.

Claimant filed claim on the $233,333.34 debenture bond in the reorganization proceedings in the court below contending that there was a balance due by debtor to claimant of $107,373.41, including interest which had accrued subsequent to the New York judgment and attorneys' fees and other expenses incurred in subsequent litigation, and asking that it be allowed to vote the entire amount of the bond in the reorganization proceedings. The District Judge held that the bond had been pledged as collateral security to the personal guaranty of Rem, that, as to the amount secured by the pledge, claimant was bound by the New York judgment against Rem on his guaranty, that claimant might proceed against the bond only for the difference between the amount of the New York judgment and the amounts collected on that judgment and on the secured and unsecured claims that had been filed against debtor and that claimant might vote the bond in the reorganization proceedings only to the extent of its interest as so fixed, with the right in David H. Brown, the owner of the bond subject to the pledge, to vote the remainder.

We think the judge was in error in holding that the bond was pledged with claimant as security for Rem's guaranty. While there was some oral testimony to that effect, the unequivocal language of the instrument executed at the time of the pledge was "This debenture is being delivered to us as additional collateral for the obligations now and in the future owing to us by Carolina Mills, Inc." The additional language, "which obligations are personally guaranteed by you" is merely descriptive of the obligations secured and serves to·make clear that the pledge was not accepted in lieu of the personal guaranty. There is no ambiguity in the language used and nothing to suggest that the pledge was intended as collateral security for the guaranty rather than for the indebtedness. of ·Carolina Mills, which was, of course, what claimant desired to have secured. No case for reformation is presented, and the law is too well settled to admit of argument that the terms of a valid written instrument may not be contradicted or varied by parol. McPherson v. J. E. Sirrine & Co. 206 S.C. 183, 33 S.E.2d 501; Red Jacket Oil & Gas Co. v. United Fuel Gas Co. 4 Cir., 146 F.2d 645, 650, 12

Am.Jur. p. 757, 17 C.J.S. Contracts, § 296, pp. 698–702.

■ There was error, therefore, in the holding that the amount of the indebtedness of debtor for which the debenture bond was pledged as security was fixed and determined by the New York judgment against Rem. The bond, as we have seen, was pledged to secure the obligations of debtor and not merely the guaranty of Rem. If there are obligations of debtor secured by the pledge which are not embraced in the judgment on the Rem guaranty, there is no reason why claimant should be precluded by that judgment from proceeding against the bond for their satisfaction. The rule which forbids the splitting of a cause of action and estops a plaintiff from bringing an additional suit on a cause of action upon which he has already secured judgment has no application here for the reason that the cause of action arising out of the pledge of the bond is separate and distinct from that arising from the personal guaranty of Rem. The New York judgment precluded claimant from asking additional relief on that guaranty, not from asking additional relief on an independent cause of action. The judgment is, of course, res judicata as to any matter there put in issue and decided between claimant and Rem and is unquestionably conclusive as to the amount of the indebtedness of debtor up to the date of that judgment. It is not binding, however, as to expenses subsequently incurred for which debtor is liable to claimant under its contract or as to any other matter not put in issue in the New York case. The rule is well settled that, unless both the parties and the cause of action are the same, the estoppel of res judicata applies only with respect to matters that were actually put in issue and litigated in the prior suit. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; United Shoe Machinery Co. v. United States, 258 U.S. 451, 459, 42 S.Ct. 363, 66 L.Ed. 708, 34 C.J. 874; 50 C.J.S., Judgments, § 688; 30 Am. Jur. p. 914 et seq.; note 88 A.L.R. 574.

■ We have considered whether or not claimant is estopped by the allowance of the claim filed in the reorganization proceeding from claiming anything not embraced within that claim. It is well settled, of course, that "where one person pledges property as security for the payment of a debt or obligation of another, the collateral stands in the position of a surety of the debtor". 41 Am.Jur. p. 616 and cases cited. And it is also well settled that a judgment against the principal debtor fixing the amount of the indebtedness is binding upon the creditor in a subsequent suit to subject the surety to liability. United States v. Allsbury, 4 Wall. 186, 18 L.Ed. 321; Prichard v. Nelson, 4 Cir., 137 F.2d 312. We do not think, however, that claimant is precluded from asserting against the pledged bond any claim for interest accruing subsequent to the filing of the bankruptcy proceedings or the expense incurred subsequent to the filing of the claim in protecting the collateral securing the claim. The allowance of a claim in bankruptcy operates ordinarily to estop the claimant as to all matters which were or should have been included in the claim, but not as to matters which could not have been included. Collier on Bankruptcy, (14 ed.) vol. 3, p. 193; Remington on Bankruptcy, (4 ed.) vol. 5, pp. 462, 463; United States v. American Surety Co., 2 Cir., 56 F.2d 734, 736; Lesser v. Gray, 236 U.S. 70, 35 S.Ct. 227, 59 L.Ed. 471. So far as the interest here involved is concerned, interest subsequent to the filing of the petition was not provable as a part of the claim in the bankruptcy proceeding. Collier on Bankruptcy (14 ed.) vol. 3, p. 1835; City of New York v. Saper, 336 U.S. 328, 331, 69 S.Ct. 554, 93 L.Ed. 710; United States v. Edens, 4 Cir., 189 F.2d 876. Expenses incurred subsequent to filing of the claim were manifestly not includable within the claim and adjudication of the claim should not estop claimant from asserting them. They might be asserted against debtor by amendment of the claim filed or by the filing of a supplemental claim (see Collier on Bankruptcy (14 ed.) vol. 3, p. 1834); but the action of plaintiff in filing claim on the pledged bond and asserting that these expenses are secured by the bond is tantamount to filing claim therefor against debtor and asserting that the bond is held as security.

 The rule which forbids the splitting of causes of action has no application here for the promise to pay expenses of protecting the interests of claimant in pledged collateral is entirely separate and distinct from the promise to repay moneys advanced which was the subject matter of the claim allowed. The rule to be applied here is well stated in 1 Am.Jur. p. 488, as follows: "Where the performance of parties under a contract is several, or is divisible into separate and distinct acts, so that the contract is subject to separate and distinct breaches, in other words, if a contract is divisible by its terms, it may give rise to more than one cause of action, and a judgment recovered for the breach of one separate and independent provision of it does not bar a subsequent suit for a distinct breach of a different condition. Thus, if one contracts to do several things at several times, an action lies upon every default, for although the agreement is entire, the performance is several and the contract is divisible in its nature."

See also Beckwith v. Talbot, 95 U.S. 289, 293, 24 L.Ed. 496; Badger v. Titcomb, 15 Pick. 1409, 32 Mass. 409, 26 Am.Dec. 611, 614; King v. Bates, 149 Mass. 73, 21 N.E. 237, 4 L.R.A. 268; Mohr v. Weinstein, 218 App.Div. 234, 218 N.Y.S. 271; 379 Madison Avenue v. Stuyvesant Co., 242 App.Div. 567, 275 N.Y.S. 953.

There was no error in holding that claimant might vote the bond in the reorganization proceeding only to the extent of the amount secured by the pledge with right in the owner of the bond to vote the remainder of the debt evidenced by it. Where, as here, a bond for a large amount has been pledged for a debt on which there remains due only a comparatively small balance, it would be inequitable to permit the pledgee to vote the entire amount of the bond, and thus frustrate the wishes of the owner or to use it as a club in the reorganization proceedings. We have no doubt as to the power of the court, under such circumstances, to apportion the vote of the bond in accordance with the interest of the owner and pledgee respectively. For the general principles underlying the exercise of equity power in a bankruptcy proceeding, see American Mutual Life Ins. Co. v. Avon Park, 311 U.S. 138, 61 S.Ct. 157, 162, 85 L.Ed. 91, where it was said: "That power is ample for the exigencies of varying situations. It is not dependent on express statutory provisions. It inheres in the jurisdiction of a court of bankruptcy. The necessity for its exercise (Pepper v. Litton, supra, 308 U.S. page 308, 60 S.Ct. 246, 84 L.Ed. 281) is based on the responsibility of the court before entering an order of confirmation to be satisfied that the plan in its practical incidence embodies a fair and equitable bargain openly arrived at and devoid of overreaching, however, subtle."

The decision appealed from will be affirmed in so far as it holds that the right of claimant to vote the bond in the reorganization proceedings shall be limited to the amount secured by the pledge, with right in the owner of the bond to vote the remainder. It will be reversed in so far as it holds that the amount secured by the pledge is limited by the amount of the New York judgment against Rem and the case will be remanded for further proceedings not inconsistent herewith. The costs on appeal will be divided.

Affirmed in part, reversed in part and remanded with directions.