WAUKESHA CONCRETE PRODUCTS COMPANY, INC., Plaintiff-Respondent and Cross-Appellant,

v.

CAPITOL INDEMNITY CORPORATION, a Wisconsin corporation, Defendant-Appellant and Cross-Respondent,

D&K CONSTRUCTION COMPANY, a Wisconsin corporation; Richard Servi and P. Kenneth Servi, Defendants.

Court of Appeals

*No. 84–1703. Oral argument August 8, 1985.—Decided November 13, 1985.*
(Also reported in 379 N.W.2d 333.)

333

For the defendant-appellant and cross respondent, there were briefs by *George W. Greene and Douglas H. Starck* of *Prosser, Wiedabach & Quale, S.C.* of Milwaukee. Oral argument by *Douglas H. Starck.*

For the plaintiff-respondent and cross-appellant, a brief was filed by *Richard N. Hunter and Timothy J. Lavin* of *Hunter & Sommers* of Waukesha. Oral argument by *Timothy J. Lavin.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J. Capitol Indemnity Corporation (Capitol Indemnity), the bonding company, appeals from a summary judgment granted to Waukesha Concrete Products Company, Inc. (Waukesha Concrete) for principal and interest owed to Waukesha Concrete by D & K Construction Company (D & K), the prime contractor, for labor and materials supplied for seven public works projects. Capitol Indemnity's primary contention is that, as a surety, it is not liable for interest charges provided for in the contracts between Waukesha Concrete and D & K. Capitol Indemnity also claims that the "identical property" exception required Waukesha Concrete to credit all payments made by D & K to labor and materials purchased for the seven projects. We conclude that Capitol Indemnity is liable for the interest charges and that the "identical property" exception does not apply in this case. Accordingly, we affirm the judgment of the trial court.

335

Waukesha Concrete cross-appeals from that portion of the judgment reducing the postjudgment interest rate from the prejudgment rate of 18% per annum to the statutory 12% rate. Waukesha Concrete argues that the contractual rate of interest governs even after the entry of judgment. We conclude that Waukesha Concrete's original claim is extinguished upon the entry of judgment and that postjudgment interest accrues at the 12% statutory rate. Therefore, we affirm.

Waukesha Concrete commenced this action to recover the balance due for construction materials supplied to D & K for use on seven public works projects. Between May 20 and October 30, 1982, D & K entered into a number of contracts with various municipalities in Waukesha and Milwaukee counties as the prime contractor. Waukesha Concrete submitted "quotations" to D & K indicating materials to be provided and prices. The "quotations" also provided terms and conditions of sale, including:

> Unless otherwise stated, terms of payment are as stated on the invoice. Any portion of the invoice price not paid when due shall bear a finance charge at the lesser of (1) 1-1/2% per month (18% per annum) or (2) the maximum rate permitted by the laws of the Purchaser's state. Purchaser agrees to pay such finance charge pursuant to this agreement.

D & K notified Waukesha Concrete that it accepted the "quotations" either by telephone or in writing. Waukesha Concrete delivered the construction materials to D & K for use on the projects.

D & K was required by sec. 779.14. Stats., and by the terms of its contracts to furnish performance bonds.[1] D

---

[1] Section 779.14, Stats., provides:

All contracts with the state involving $2,500 or more and all other con-

& K obtained the bonds from Capitol Indemnity. All of the bonds contain language stating that payment shall promptly be made for labor and materials supplied to the principal. Two of the bonds also state that Capitol Indemnity will "defend, indemnity and save harmless . . . against . . . charges of every kind . . . arising out of or in relation to the performance of said work and the provisions of said contract . . . ."

As work on the projects progressed, D & K made periodic payments to Waukesha Concrete. Waukesha Concrete applied those payments to D & K's oldest accounts first, most of which were not related to the seven public works projects but were also bonded by Capitol Indemnity. Waukesha Concrete applied the payments first to interest and then to principal.

D & K defaulted on its contracts with Waukesha Concrete after October 1982 and this action was commenced. In September 1983, Capitol Indemnity paid $90,060.13 to Waukesha Concrete. This sum represented the amount Capitol Indemnity calculated as due for labor and materials under the contracts.

The trial court granted Waukesha Concrete's motion for summary judgment seeking recovery from Capitol Indemnity for D & K's remaining principal balance plus interest concluding that Capitol Indemnity's obligation

---

tracts involving $500 or more for the performance of labor or furnishing materials when the same pertains to any public improvement or public work shall contain a provision for the payment by the prime contractor of all claims for labor performed and materials furnished . . . . A contract shall not be made unless the prime contractor gives a bond issued by a surety company licensed to do business in this state. . . . The bond shall carry a penalty of not less than the contract price, and shall be conditioned for the faithful performance of the contract and the payment to every person entitled thereto of all the claims for labor performed and materials furnished under the contract, to be used or consumed in making the public improvement or performing the public work as provided in the contract and this subsection.

under the terms of its bonds included the contractually incurred financing charge at the rate of 18% per annum. Capitol Indemnity appeals this ruling. The trial court also reduced the postjudgment interest rate to the statutory rate of 12%. Waukesha Concrete cross-appeals this ruling.

A motion for summary judgment is governed by sec. 802.08(2), Stats., which provides that the judgment sought shall be rendered by the trial court if the pleadings and affidavits of the parties show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing a trial court's decision on a motion for summary judgment, this court must apply the standards set forth in sec. 802.08 in the same manner as the trial court. *Kremers-Urban Co. v. American Employers Insurance Co.,* 119 Wis.2d 722, 733, 351 N.W.2d 156, 162 (1984).

Upon our review of the pleadings, affidavits and other proof of the parties, we conclude there exist no disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn sufficient to entitle Capitol Indemnity to a trial. Therefore, we conclude that summary judgment was appropriate in this case.

Capitol Indemnity contends that it is not responsible for the interest charges provided for in the contracts between Waukesha Concrete and D & K because it was not a party to any of the contracts between Waukesha Concrete and D & K, the parties did not intend that the bonds would cover interest payments, and the bonding statute does not contemplate charges for interest payments. The only liability Capitol Indemnity has in this action, its claims, is based upon its obligations under the surety contracts.

338

The construction of a written contract is a question of law; therefore, we owe no deference to the trial court's interpretation. *Demerath v. Nestle Co.,* 121 Wis.2d 194, 197, 358 N.W.2d 541, 543 (Ct. App. 1984). The purpose of contractual construction is to ascertain the true intent of the parties as expressed by the contractual language. *Hammel v. Ziegler Financing Corp.,* 113 Wis.2d 73, 76, 334 N.W.2d 913, 915 (Ct. App. 1983). In construing the terms of a contract where the terms are plain and unambiguous, it is our duty to construe it as it stands, even though the parties may have placed a different construction on it. *Hortman v. Otis Erecting Co.,* 108 Wis.2d 456, 461, 322 N.W.2d 482, 484–85 (Ct. App. 1982). A surety's contracts are to be interpreted or construed using the same rules of construction as are applied to any other contract. *Gumz v. United States Fidelity & Guaranty Co.,* 209 Wis. 408, 413–14, 245 N.W. 82, 84 (1932).

The rule in Wisconsin is that a surety's obligation is derived from its principal and the liability of the surety is measured by the liability of the principal. *Riley Construction Co. v. Schillmoeller & Krofl Co.,* 70 Wis.2d 900, 905, 236 N.W.2d 195, 198 (1975). If the principal is not liable to the claimant, then the surety is not liable either. *Id.* However, the surety's liability on a bond is fixed by the terms of the bond. *See, e.g., O'Neill v. Maryland Casualty Co.,* 238 Wis. 529, 533, 300 N.W. 167, 169 (1941). The bond issued by the surety and the contract which it secures should be construed together. *Riley* at 905, 236 N.W.2d at 198.

The Wisconsin Supreme Court has long recognized that interest is a commercially acceptable measure of the time value of money. *Laycock v. Parker,* 103 Wis. 161,

178–86, 79 N.W. 327, 332–35 (1899). The general rule in Wisconsin is that damages for breach of contract bear interest from the time of demand. *Amoco Oil Co. v. Capitol Indemnity Corp.,* 95 Wis.2d 530, 547–48, 291 N.W.2d 883, 892 (Ct. App. 1980).[2] In order to recover interest, there must be a fixed amount which could have been tendered and interest thereby stopped; the amount of the claim must be known or readily determinable. *H & M Heating Co. v. Andrae,* 35 Wis.2d 1, 15, 150 N.W.2d 379, 385–86 (1967). In this case, there is no dispute that D & K was liable to Waukesha Concrete for interest at the rate of 18% per annum on the balance of its unpaid contracts. Neither does Capitol Indemnity dispute that it may be liable for interest at the statutory 5% rate. *See Banking Commission v. National Surety Corp.,* 243 Wis. 542, 549, 11 N.W.2d 171, 175 (1943).

The plain language of the contracts and the bonds, construed together, persuades us that Capitol Indemnity is liable to Waukesha Concrete for the 18% interest per annum due on D & K's contracts. *Cf. Builders Lumber & Supply Co. v. Chicago Bonding & Surety Co.,* 167 Wis. 167, 174, 166 N.W. 320, 322 (1918). Our review of Capitol Indemnity's bonds reveals that none of the bonds contains any language limiting Capitol Indemnity's liability to principal only. We thus conclude that the interest on claims for labor and materials furnished by Waukesha Concrete is part of the indebtedness covered by the per-

---

[2] Capitol Indemnity argues for the first time in its reply brief that the time frame for consideration of interest must be narrowed. However, we will not, as a general rule, consider issues raised by appellants for the first time in their reply brief. *State v. Lewandowski,* 122 Wis.2d 759, 763, 364 N.W.2d 550, 552 (Ct. App. 1985). We will not review this alleged error.

formance bonds.[3] *Cf. Banking Commission* at 549, 11 N.W.2d at 175. Furthermore, we find nothing in sec. 779.14, Stats., which precludes such an interpretation. We are persuaded that our construction of the bonds does not extend beyond the fair scope of their terms. *See Webb v. Freng,* 181 Wis. 39, 44, 194 N.W. 155, 157 (1923).

Next, Capitol Indemnity contends that the "identical property" exception required Waukesha Concrete to have credited all payments received from D & K to labor and materials used on the seven municipal projects. The "identical property" exception rule states that "when a payment made to a creditor is known by the creditor to be derived from a particular source or fund, the creditor must apply it to the exoneration of the debt related to that source or fund, at least where the rights of third parties are concerned." *Moser Paper Co. v. North Shore Publishing Co.,* 83 Wis.2d 852, 858, 266 N.W.2d 411, 415 (1978). The propriety of an application of payment by a creditor must be determined from the facts existing at the time the payment was applied. *Id.* at 860, 266 N.W.2d at 416. As a general rule, where a debtor owes a creditor multiple debts, a payment by the debtor should be applied to one or the other of the debts as the debtor directs. *Id.* at 857–58, 266 N.W.2d at 415. In the absence of some other application by the debtor, the creditor may apply the payment as the creditor chooses. *Debelak Bros., Inc. v. Mille,* 38 Wis.2d 373, 378, 157 N.W.2d 644, 647 (1968); *Earl v. Napp,*

[3] While we have found no Wisconsin case dealing with the liability of a surety for interest on contracts between the prime contractor and its supplier, we note that courts in other jurisdictions have recognized that interest is covered by performance bonds for labor and materials and is recoverable against the surety. *See Faulkner Concrete Pipe Co. v. United States Fidelity & Guaranty Co.,* 218 So.2d 1, 3 (Miss. 1968). *See also Sherman Machine & Iron Works v. Iverson Specialty Co.,* 43 P.2d 1044, 1046 (Okla. 1935).

218 Wis. 433, 436, 261 N.W. 400, 402 (1935). Capitol Indemnity claims that it should not be bound by Waukesha Concrete's method of payment application because Waukesha Concrete could have easily obtained information concerning the source of the payment funds.[4]

There is no dispute in this case that D & K did not direct the application of the payments. Neither is there controversy over the fact that D & K did not inform Waukesha Concrete of the source of the funds. As D & K received payments from the municipalities, they were deposited into an account from which Waukesha Concrete and other creditors were paid. Our review of the record

---

[4] The trial court concluded that Capitol Indemnity failed to establish that D & K made payments to Waukesha Concrete directly out of funds received from the seven projects. However, the trial court determined that a percentage of the money paid by D & K would be considered "identical property" for the purposes of this action.

In its notice of cross-appeal, Waukesha Concrete stated that it cross-appealed from that part of the judgment "reducing the amount of that judgment based upon a formula developed by the Circuit Court . . . ." As part of the argument in its brief that the "identical property" exception does not apply in this case, Waukesha Concrete states that the trial court expanded the "identical property" exception by:

> creating a formula to calculate a percentage of the funds which it could attribute to the municipal contracts in question. That formula, though, is clearly not called for under the "identical property exception" as it has been explained in the published opinions of the Wisconsin appellate courts. See Moser, supra, and Sorge, supra.

During oral argument, counsel for Waukesha Concrete argued that the trial court modified the "identical property" exception requiring a remand to the trial court to apply the general rule of law. While we acknowledge that Capitol Indemnity has raised the issue concerning the trial court's application of the "identical property" exception, it has not been adequately briefed or argued. Therefore, we will not consider this issue. See Reiman Associates, Inc. v. R/A Advertising, Inc., 102 Wis.2d 305, 306 n.1, 306 N.W.2d 292, 294 (Ct. App. 1981).

shows no evidence establishing that Waukesha Concrete knew the payments it received from D & K were derived from any of the seven projects. Because there is no evidence to establish that Waukesha Concrete knew the source of the funds, we are persuaded that Waukesha Concrete was entitled to apply the payments according to its choosing and that the "identical property" exception does not apply in this case.

In its cross-appeal, Waukesha Concrete claims the trial court erred in reducing a higher prejudgment contractual interest rate to the statutory rate of 12% after judgment.

Section 815.05(8), Stats., governing the amount of interest recoverable upon the execution of a money judgment, provides:

> Except as provided in s. 807.01(4), every execution upon a judgment for the recovery of money shall direct the collection of interest at the rate of 12% per year on the amount recovered from the date of the entry thereof until paid.

■

We are persuaded that upon the entry of the judgment, postjudgment interest accrues at the rate of 12% per annum in accordance with sec. 815.05(8), Stats.[5] Our conclusion is based upon the operation of the merger doctrine. That doctrine provides:

> When a valid and final personal judgment is rendered in favor of the plaintiff:
>
> (1)  The plaintiff cannot thereafter maintain an action on the original claim or any part

---

[5] We do not decide whether our holding in this case extends to situations where parties expressly contract for a higher rate of postjudgment interest than that set by statute.

thereof, although he may be able to maintain an action upon the judgment, and

(2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.

Restatement (Second) of Judgments § 18 (1982).

■

We conclude that under the doctrine of merger, Waukesha Concrete's original claim for interest based on contract was extinguished upon the entry of a final judgment. In its place is substituted a new cause of action on the judgment; thus, the original claim for interest is merged into the new cause of action based upon the judgment. *See id.* at Comment a. We conclude, therefore, that Waukesha Concrete's right to postjudgment interest accrues under sec. 815.05(8), Stats., and not under the contract.[6]

*By the Court.*—Judgment affirmed.

---

[6] We conclude that *Turner Coleman, Inc. v. Ohio Construction & Engineering, Inc.*, 251 S.E.2d 738 (S.C. 1979), cited by Waukesha Concrete, is inapposite because it interprets a statute broader than sec. 815.05(8), Stats.