## PRODUCTION CREDIT ASSOCIATION OF MADISON, Plaintiff-Respondent,

v.

## Kenneth LAUFENBERG and Rose Marie Laufenberg, Defendants-Appellants.†

Court of Appeals

*No. 86–1781. Submitted on briefs January 26, 1988.—Decided January 28, 1988.*

(Also reported in 420 N.W.2d 778.)

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

200

For the defendants-appellants the cause was submitted on the briefs of *John G. Barsness* and *Dennis Carl Tiedt* of *Barsness Law Offices,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Peggy J. Ahrens* and *Kevin M. Laffey* of *Brill & Eustice, S.C.,* of Sun Prairie.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J. Kenneth and Rose Marie Laufenberg appeal a judgment awarding Production Credit Association of Madison (PCA) postjudgment costs and reasonable attorney's fees. We conclude that PCA's right to costs and reasonable attorney's fees under its loan agreement with the Laufenbergs was merged in its judgment. We therefore reverse.

## I.

## BACKGROUND OF CASE

In 1983 PCA commenced an action against the Laufenbergs for amounts due under two loan agreements and for replevin of livestock and farm equipment under a security agreement. Judgment was entered against the Laufenbergs in the sum of $137,877.

PCA attempted to collect on its judgment through execution and supplementary proceedings. Between September 1983 and August 1984 the Laufenbergs paid PCA $75,412.23, but did not direct how PCA was to apply their payments. PCA applied the payments first to accrued costs and attorney's fees and then to the judgment debt.

In February 1985 the Laufenbergs paid PCA $72,000. The Laufenbergs directed that this payment be applied only to the judgment debt and accrued interest and PCA so applied the payment. The Laufenbergs claimed that this payment satisfied the judgment and moved the court for an order so determin-

ing. PCA claimed $8,857.86 remained due on the judgment because it had applied previous payments to its postjudgment costs and attorney's fees rather than to the judgment.

The trial court determined that under the loan agreement the Laufenbergs were obligated to pay PCA's costs and attorney fees and that this "debt" was separate from the judgment debt. The court concluded that PCA could apply the Laufenbergs' payments to accrued costs and fees under the doctrine of "creditor's choice." The trial court entered judgment for $7,765.91[1] plus interest from February 5, 1985.

## II.

## ENTITLEMENT TO COSTS AND ATTORNEY FEES

A plaintiff may not recover attorney's fees and expenses of litigation in his or her claim against the defendant unless such liability arises from a specific statute or the contract of the parties. *Shands v. Castrovinci*, 115 Wis. 2d 352, 357, 340 N.W.2d 506, 508 (1983). PCA claims it is entitled to postjudgment costs and attorney fees under its loan agreement with the Laufenbergs. The agreement provides:

> 3.3 Disbursement of Loan Proceeds; Other Charges.
> In addition to Loan Disbursements made directly to Borrower, PCA is authorized to pay the following items from Loan Proceeds or

---

[1]The amount of the judgment consisted of costs, attorney disbursements, and attorney's fees incurred by PCA in its postjudgment collection efforts.

charge the same to Borrower's account:
. . .

    C.   To the extent permitted by applicable law, the expenses described in Section 4.2.

4.2   Expenses of PCA.
Except where and to the extent prohibited by applicable law, promptly pay or reimburse PCA for all expenses, fees, and disbursements, including reasonable attorneys' fees, incurred either before or after any default in connection with: this Agreement and the documents related to it, the perfection of PCA's security interest or other lien in collateral, or incurred in connection with protecting or enforcing its rights with respect to collateral or foreclosing against the same as more fully detailed in any security agreements, mortgages, or other collateral documents given in accordance with Section 5.0 of this Agreement.

The Laufenbergs argue that the agreement has merged into the judgment and is no longer independently enforceable. We agree.

PCA argues that sec. 4.2 obligated the Laufenbergs to pay PCA's costs and attorney's fees *incurred either before or after any default.* The agreement does not, however, entitle PCA to its costs and fees incurred either before or after judgment. In the absence of an express agreement otherwise, the obligation of a debtor to pay the creditor's costs and fees of collection or foreclosure is merged in a judgment in favor of the creditor. ■

The merger doctrine provides:

When a valid and final personal judgment is rendered in favor of the plaintiff:

> (1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment . . . .

*Waukesha Concrete v. Capitol Indemnity,* 127 Wis. 2d 332, 343–44, 379 N.W.2d 333, 338 (Ct. App. 1985), quoting Restatement (Second) of Judgments sec. 18 (1982). The doctrine of merger is a common-law principle applied throughout all state and federal forums, in a basically consistent manner. *In re Schlecht,* 36 B.R. 236, 240 (Bkrtcy. Alaska 1983).

By operation of merger, upon entry of judgment, the contract sued upon loses all of its vitality and ceases to bind the parties to its execution. *State Bank of Piper City v. A-Way, Inc.,* 504 N.E.2d 737, 738 (Ill. 1987). *See also Jameson vs. Barber,* 56 Wis. 630, 633, 14 N.W. 859, 860 (1883) (claim merged in judgment and extinguished thereby); *Rusk, Bank Comptroller vs. Sackett, Administrator,* 28 Wis. 400, 403 (1871) (bond merged in judgment and no action can be sustained on bond). In *Waukesha Concrete,* 127 Wis. 2d at 344, 379 N.W.2d at 338, we concluded that a party's original claim for interest on its contract was extinguished upon entry of a final judgment.

> In its place is substituted a new cause of action on the judgment; thus, the original claim for interest is merged into the new cause of action based upon the judgment. We conclude, therefore, that Waukesha Concrete's right to postjudgment interest ac-

205

crues under sec. 815.05(8), Stats., and not under the contract.

*Id.* (Citation omitted.)

The same is true here. After entry of the 1983 judgment, PCA no longer had a contractual right to costs and attorney's fees. *See also Schlecht,* 36 B.R. at 241 (bank's note containing provision for attorney's fees merged with state court judgment and no longer was a basis for awarding fees).

PCA argues that merger does not apply because the loan agreement created several obligations of the Laufenbergs. Citing 50 C.J.S. *Judgments,* sec. 662, p. 109 (1947), PCA claims "[r]ecovery of a judgment upon one obligation imposed by a contract does not bar recovery upon a separable obligation under that same contract." PCA relies on an exception to the general rule that but one cause of action arises from the breach of an agreement and claims arising under the agreement constitute an entire and indivisible cause of action. *Id.* at 108.

We reject PCA's argument because the Laufenbergs' obligation to pay costs and attorney's fees arose out of the loan agreement. The agreement provides that PCA is authorized to pay expenses from "*Loan* Proceeds" (emphasis added) or to charge the "Borrower's account." The Laufenbergs' payments were not loan proceeds. Once judgment was entered there no longer existed a "Borrower's account" which could be charged for costs or fees. The agreement contemplated one indebtedness, the principal of which was determined by various elements.

PCA also argues that merger does not apply because the full amount of costs and attorney's fees was not determinable at the time the 1983 judgment was entered. Yet all of the costs and fees to which it was entitled were determinable when the 1983 judgment was entered. It was not entitled to postjudgment costs and fees.

PCA cites *Mohr v. Weinstein,* 218 N.Y.S. 271 (N.Y. App. Div. 1926), where the court held that recovery of judgment on a note did not bar a subsequent action for attorney's fees provided in the note where the value of the attorney's services could not be determined until all services were complete. *Mohr* is deemed overruled by *Roe v. Smyth,* 16 N.E.2d 366 (N.Y. 1938), insofar as it is irreconcilable with *Roe. David S. Stern Corp. v. Richard Nathan Corporation,* 42 N.Y.S.2d 249, 252 (N.Y. App. Div. 1943). In *Roe* the court held that the promise to pay the amount of the note and the promise to pay the costs of collection constituted a single obligation and the plaintiff could not split his cause of action by bringing a separate suit for costs after his action on the note. *Id.,* 16 N.E.2d at 369. *Mohr* is not persuasive.

III.

CREDITOR'S CHOICE DOCTRINE

The trial court determined that the Laufenbergs had two debts to PCA, the judgment debt and the debt for costs and attorney's fees. Because two debts existed the court held that PCA was entitled, under the

207

creretor's choice doctrine,[2] to apply payments to either debt as it saw fit. Because only one debt existed, the judgment debt, PCA could not apply payments to anything but that debt. The creditor's choice doctrine does not apply.

*By the Court.*—Judgment reversed.

---

[2]The creditor's choice doctrine is that in absence of some other application by the debtor, the creditor may apply the payment as it chooses where a debtor owes a creditor multiple debts. *Waukesha Concrete,* 127 Wis. 2d at 341, 379 N.W.2d at 337.