(107 App. Div. 315.)

BURR v. UNION SURETY & GUARANTY CO.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

1. INDEMNITY BONDS—CONSTRUCTION—BREACH—NOTICE TO SURETY.

Where an indemnity bond, securing performance of a building contract, provided that the obligee should notify the surety in writing of any act of the principal involving a loss for which the surety was responsible immediately after such act should come to the obligee's knowledge, and the contract required the principal to proceed at once with the completion of the buildings, and in case of default for 10 days after service of notice by the obligee certain mortgages on the buildings which had been sold to

the principal should become due, which might cause loss under the bond, mere delay on the part of the principal did not entitle the surety to notice, but the bond only required such notice when it appeared that the principal had violated his covenant to complete the buildings without unreasonable delay.    ◦

2. SAME.

Where a principal in a bond, securing the completion of certain buildings conveyed to him, on which the obligee held certain mortgages, bound himself to complete the buildings without delay, and it appeared that the deed to the property was not made to him until November 13, 1901, when he entered into possession, and, he having done nothing to complete the work, notice of breach of covenant was given to him on December 14, 1901, and the surety in the bond was notified of the default on the 20th, the obligee's delay in announcing his election to claim a default could not be deemed unreasonably long as a matter of law.

3. SAME—CONTRACT OF INDEMNITY—ENFORCEMENT—TIME.

Where plaintiff sold certain unfinished buildings, on which he held second mortgages, to E., who contracted to complete the buildings, which was necessary to make such second mortgages secure, a bond given for the performance of E.'s contract, requiring immediate notice of breach by E., and containing a six-months limitation of action after the first breach of the contract, constituted a contract of indemnity, and was not enforceable, unless E.'s default resulted in pecuniary damage to plaintiff.

4. SAME—CONTRACT LIMITATIONS—BEGINNING OF TERM.

Plaintiff, holding certain second mortgages on unfinished buildings, conveyed them to E., who agreed and gave a bond to immediately complete the buildings, in order to make the security of such second mortgages good. The contract provided that, on his failure to proceed with the work with expedition, plaintiff could serve notice of his election to declare the bonds secured by the second mortgages due. The bond securing performance of E.'s contract provided a six-months limitation of suit thereon after the first breach of the building contract, and plaintiff, nothing having been done by E. to complete the buildings, notified him of his election to treat the bonds as due on December 14, 1901, but, the first mortgages not having been foreclosed and no deficiency having resulted until July 2, 1902, the action on the bond was not begun until August 4, 1902. *Held*, that the contract limitation did not begin to run until the foreclosure of the first mortgages resulted in a deficiency, and that the action was therefore in time.

Appeal from Trial Term, Kings County.

Action by Joseph A. Burr against the Union Surety & Guaranty Company. From a judgment in favor of defendant, dismissing the complaint on the merits after a trial of the issues by a justice without a jury, plaintiff appeals. Reversed.

See 83 N. Y. Supp. 756.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ.

Robert H. Wilson, for appellant.
Wilson B. Brice, for respondent.

WILLARD BARTLETT, J.    This suit is brought against the defendant, as surety, upon a bond executed by Edward Egenberger, as principal, conditioned for his faithful performance of a written contract with the plaintiff for completing the construction of four unfinished houses in the borough of Brooklyn. These houses had belonged to the plaintiff. They were subject to four first mortgages

to the Williamsburgh Trust Company, upon which there had been advanced $13,250, and also to four second mortgages to Samuel H. Coombs, upon which $3,750 had been advanced. Mr. Coombs had assigned these four second mortgages to Mr. Burr. Under these circumstances Mr. Burr sold the premises to Mr. Egenberger, subject to the four first mortgages to the Williamsburgh Trust Company, and subject to the four second mortgages which had been transferred to him by assignment. At the same time he entered into the contract already mentioned for the completion of the houses by Mr. Egenberger, whereby the latter undertook to complete their construction with diligence and without unreasonable delay, and whereby Mr. Burr agreed to loan Mr. Egenberger $11,944 (the balance of the first mortgages) for the purpose of finishing the buildings. The bond in suit was given to insure the performance of this contract on the part of Mr. Egenberger. Mr. Egenberger failed to perform. The Williamsburgh Trust Company foreclosed the first mortgages. There was a deficiency. Mr. Burr's second mortgages were cut off by the foreclosure, to his damage in the sum of $3,750, the amount which had been advanced thereon; and he brought the present action to recover that sum, upon the allegation (which was sustained by the proof) that, if Mr. Egenberger had completed the houses in accordance with his contract, their value would have sufficed to pay all that was due upon the second mortgages, as well as the first.

The case turned upon the proper answer to be given to two questions: (1) Whether the plaintiff notified the defendant, as he was required to do by the terms of the bond, of the first act on the part of Mr. Egenberger which involved a loss for which the defendant was responsible thereunder, immediately after acquiring knowledge of the occurrence of such act; and, (2) whether the action was brought in time, in view of the provision in the bond to the effect that any suit at law to recover any claim thereunder must be instituted within six months after the first breach of the building contract. The learned trial court answered both these questions in the negative, and directed a dismissal of the complaint on the merits.

1. As to the first question, the provision of the bond necessary to be considered reads as follows:

"Provided that said surety shall be notified in writing of any act on the part of the said principal, or his agent or employés, which shall involve a loss for which the said surety is responsible hereunder, immediately after the occurrence of such act shall have come to the knowledge of the duly authorized representative or representatives of the obligee, who shall have the supervision of the completion of the said contract * * *."

The contract between Mr. Egenberger and Mr. Burr for the completion of the houses was dated November 11 and acknowledged November 13, 1901. The property was conveyed to Mr. Egenberger by a deed acknowledged on the latter date, and it is not disputed that he then entered into possession of the premises. The contract required him within one week from the execution and delivery thereof "to enter upon and thereafter proceed with the

erection and construction of the said buildings." It further provided as follows:

"If at any time the party of the first part [Edward Egenberger] shall fail to push the work on the said buildings vigorously, of which fact the party of the second part [Joseph A. Burr] shall be the sole judge, and such default and neglect shall continue for ten days after the service of a notice on the party of the first part to that effect, the said bonds and mortgages shall at once become due for the whole amount advanced thereon."

Mr. Egenberger never did any work whatever upon the buildings. The proof does not show clearly when the plaintiff became aware that nothing was being done toward the execution of the contract, but the testimony of his representative, Mr. John T. Bladen, an attorney in his office, indicates that he was chargeable with knowledge of the fact by the 14th of December, 1901. On the 20th he notified Mr. Egenberger that he considered him in default, and that, if such default continued for 10 days, he should and did elect that the bonds and mortgages should become due. On the same day notice to the same effect was sent by the plaintiff to the defendant.

In the opinion of the learned trial judge, which appears in the appeal book in the form of a letter addressed to the attorney for the plaintiff, the first ground stated for the dismissal of the complaint is:

"That the evidence does not show the giving of a notice of the failure of Egenberger to enter upon the erection of the building immediately after the same came to the knowledge of the duly authorized representative of the plaintiff."

This ground was sufficient, if the bond entitled the defendant to immediate notice of the contractor's omission to begin work within a week after the execution and delivery of the building contract. It seems to me, however, that the bond cannot fairly be construed so strictly. The fair and natural import of the language employed was to require Mr. Burr immediately to notify the surety whenever such a condition of things arose as to show that the contractor had violated his covenant to complete the erection and construction of the building with diligence and without unreasonable delay. There is no suggestion anywhere of bad faith on the part of the plaintiff or of collusion with the contractor, and it cannot be held as matter of law, upon the proof in this record, that the delay was unreasonable up to the time when Mr. Burr addressed his letter to Mr. Egenberger announcing his election to deem the mortgages presently due in case the contractor's default continued more than 10 days longer. Mere delay did not entitle the surety to notice. It was only when such delay became unreasonable, and therefore violative of the builder's contract with the plaintiff, that the surety was entitled to be notified, to the end that it might take means, if so advised, to protect itself against further inaction by the principal which would render it liable upon its bond. In my opinion, the trial court erred in holding that the plaintiff was precluded from a recovery by reason of having waited too long to inform the defendant of Mr. Egenberger's failure to go to work.

2. The opinion of the learned trial judge bases the dismissal, "secondly, upon the ground that the action was not instituted within six months after the first breach of the contract." This ground, in my judgment, is equally untenable. The bond is a contract of indemnity. It plainly manifests the intent of the parties that the surety should become liable, not merely in the event of the failure of the contractor to complete the building, but only in case his failure to do so resulted in pecuniary damage to Mr. Burr. This is made particularly evident by the provision entitling the surety, in the event of noncompliance on the part of the principal, to assume the contract and sublet or complete the same, and the further provision that all deferred payments then or thereafter due and payable to the principal should be credited upon any claim that Mr. Burr might make against the surety because of a breach. Upon a contract of this nature there must be not only a breach of the agreement, but proof of actual damage to the plaintiff, before he can maintain an action against the surety. Upon a covenant for indemnity, damages must be sustained before a recovery can be had. Aberdeen v. Blackmar, 6 Hill, 324; Gilbert v. Wiman, 1 N. Y. 550, 561, 49 Am. Dec. 359; National Bank of Newburgh v. Bigler, 83 N. Y. 51, 61, 62. Although the bond in the case at bar undertakes to make a short statute of limitations between the parties, by providing that any suit at law thereunder must be instituted within six months after the first breach of the building contract, it seems unreasonable to suppose that the parties could have had in mind an act or omission by the builder which, even if it were technically violative of his contract, was not such a breach as would entitle Mr. Burr to maintain an action against the surety. It could make no difference to the surety how many breaches there were, unless they resulted in pecuniary damage to Mr. Burr, and the consequent right on his part to sue the surety company. The purpose of this provision in the bond must have been only to limit the period within which an action might be brought after the right to bring an action had accrued; and if, as I think, the bond was a contract of indemnity only, that right did not come into existence until the foreclosure of the first mortgages resulted in a deficiency. The sale under the first mortgages took place on or about July 2, 1902, and this action was commenced on the 4th day of August in the same year. If the view which has been expressed in regard to the character of the contract and the meaning and purpose of the clause of limitation therein contained be correct, the suit was begun in time.

For the foregoing reasons, I think the plaintiff is entitled to a reversal of this judgment.

Judgment reversed, and new trial granted; costs to abide the event. All concur.