379 MADISON AVENUE, INC., Appellant, *v.* THE STUYVESANT COMPANY, Respondent.

First Department, December 7, 1934.

*Seth B. Robinson* of counsel [*Henry A. Brann* with him on the brief; *Seth B. Robinson*, attorney], for the appellant.

*Manheim Rosenzweig* of counsel [*James Carroll* with him on the brief; *Manheim Rosenzweig*, attorney], for the respondent.

UNTERMYER, J. The defendant was the plaintiff's tenant under a written lease. After dispossessing the defendant and its under-tenant in summary proceedings and recovering judgment upon the lease in fifteen separate actions, the plaintiff instituted this action to recover the amount paid to its attorneys for legal services and for its disbursements in the conduct of the litigation. The action is founded on the following provisions of the lease: " If the Tenant shall at any time be in default hereunder, and if the Landlord shall institute an action or summary proceeding against the Tenant based upon such default, then the Tenant will reimburse the Landlord for the expense of attorneys' fees and disbursements thereby incurred by the Landlord, so far as the same are reasonable in amount. Also, so long as the Tenant shall be a tenant hereunder, the amount of such expenses shall be deemed to be additional rent hereunder, and shall be due from the Tenant to the Landlord on the first day of the month following the incurring of such respective expenses."

After making allowance for the proceeds of reletting the demised premises, the plaintiff collected under its judgments against the defendant the sum of $23,708.33, out of which it thereafter paid to its attorneys for their legal services in the summary proceedings and in the rent litigation a sum in excess of $15,000, for which amount judgment is demanded in the complaint. The only issue of fact tendered by the defendant's answer and by the affidavit interposed in opposition to the motion for summary judgment concerns the reasonableness of the amount paid and sought to be recovered for legal services in the rent litigation. A full trial as to that issue, however, is unnecessary, since it can be determined under subdivision 4 of rule 113 of the Rules of Civil Practice upon an assessment of the damages.

It is first contended by the defendant, however, that the judgments entered in the actions for rent, or what is referred to in the lease as the " equivalent " thereof, precluded the plaintiff from

maintaining the present action for the reason that it should have included the claim for attorneys' compensation in those actions and that consequently there has been a " splitting " of causes of action. We think the contention is without foundation. The defendant's covenant is to " reimburse " the plaintiff for these expenditures. Such a covenant is in the nature of a contract of indemnity against loss or damage upon which an action does not accrue until the loss or damage has been paid. (*Burr* v. *Union Surety & Guaranty Co.*, 107 App. Div. 315; *National City Bank of New York* v. *Berwin*, 240 id. 550.) Consequently until the plaintiff had paid its attorneys after the rent litigation was concluded, it could not have maintained an action for reimbursement. Its failure to assert the claim previously, therefore, constitutes no bar. Under almost identical circumstances it has been held that " the recovery of the judgment and collection thereof * * * was not * * * a bar to the action to recover the value of the attorney's services." (*Mohr* v. *Weinstein*, 218 App. Div. 234.)

The contention is also made, although it does not appear to have been made in the court below, that the provisions of the lease with respect to counsel fees are contrary to public policy. Our attention is directed to no decision in this State sustaining that contention. The decisions relied on by the defendant holding that the expenses of litigation other than statutory costs and allowances are not recoverable (*Clason* v. *Nassau Ferry Co.*, 20 Misc. 315; affd., 27 App. Div. 621; *Avalon Construction Corp.* v. *Kirch Holding Co.*, 256 N. Y. 137; *Rollin* v. *Grand Store Fixture Co., Inc.*, 231 App. Div. 47) are inapplicable here, for in those cases there was no covenant to pay counsel fees. In *Cuyler Realty Co.* v. *Teneo Co., Inc.* (196 App. Div. 440), similarly, recovery was denied because there also the contract, as construed by the court, did not provide for the payment of such expenditures. No such question is presented here.

We are unable to perceive any reason for concluding that parties to a lease are not competent to agree upon such a provision as this, provided it is reasonable and not in the nature of a penalty or forfeiture. Here the stipulation is reasonable in all respects, for it provides that expenditures may be recovered from the tenant only to the extent that they have been paid by the landlord, and then only to the extent that they are reasonable in amount. It is true that by statute costs and disbursements are allowed to the successful party in the litigation, but we know of no principle which precludes the parties from making special provision fully indemnifying either against the consequences of litigation. (See Tiffany Land. & Ten. § 301, and cases there cited.) That such a pro-

vision in a negotiable instrument is enforcible was assumed without discussion in *Waxman* v. *Williamson* (256 N. Y. 117). We find nothing offensive to the public interest in a similar stipulation in a lease. It constitutes in effect an agreement of indemnity by the tenant against the consequences of his own default (*Billingsley* v. *Dean*, 11 Ind. 331) which is given as a part of the consideration for the lease (*Richards* v. *Bestor*, 90 Ala. 352; 8 So. 30). Furthermore, " if there is one thing which more than another public policy requires, it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts when entered into freely and voluntarily shall be held sacred and shall be enforced by courts of justice " (Sir GEORGE JESSEL in *Printing and Numerical Registering Co.* v. *Sampson*, L. R. 19 Eq. 462, 465). There is nothing in the relation of the parties which would justify refusal to enforce the covenant on account of any disparity in their positions. In *Kirshenbaum* v. *General Outdoor Adv. Co.* (258 N. Y. 489) the stipulation in a lease exempting the landlord from liability for damage caused by negligence in failing to repair, was held not to be against public policy. Said the court (p. 495): " Stipulations between a landlord and tenant  *  *  *  are not matters of public concern. Moreover, the two stand upon equal terms; neither the one nor the other is under any form of compulsion to make the stipulations; either may equally well accept or refuse entry into the relationship of landlord and tenant."

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted and an assessment of damages directed.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted and assessment of damages directed. Settle order on notice.