Leonard L. Fine, J.
The issue before this court is novel to the extent that a judicial inquiry is made into the circumstances of a prior summary proceeding to determine whether the instant landlord petitioner was ‘ ‘ compelled ’ ’ to institute the said prior proceeding thereby incurring certain expenses which it now seeks to recover from the tenant as additional rent.
Briefly stated, the instant summary proceeding by landlord petitioner is one to recover possession of the subject premises by reason of the tenant’s failure to pay, in addition to rent due, a sum alleged by the landlord to be “ legal expenses and fees ” incurred in a prior summary proceeding brought by the landlord against the same tenant.
*959 The tenant does not deny that the rent in the instant proceeding is due, which rent was in fact timely tendered by said tenant, but refused by the landlord, in that it did not include as additional rent the additional expenses as set forth above.
The landlord in pressing its instant claim relies upon that portion of a written lease, the gravamen of which is that the tenant would be obligated to pay as additional rent, to be added to the following month’s rent, expenses incurred if the landlord was “ compelled to incur any expenses ” by reason of the breach of the lease by the tenant.
The sole question before this court, therefore, is whether the mere bringing by the landlord of a prior action would warrant the granting of the relief sought herein.
The bare fact that a landlord institutes an action against a tenant (the prior summary proceeding) does not, absent other considerations, warrant a pro forma finding that expenses incurred by the landlord in said proceeding be automatically chargeable to the tenant. The right to recover expenses is contractual in nature, and the lease which serves as the entire contract must be construed to determine the latitude and scope of such contractual right. (34 N. Y. Jur., Landlord & Tenant, § 325, p. 155; 379 Madison Ave., Inc. v. Stuyvesant Co., 242 App. Div. 567, affd. 268 N. Y. 576.) In this context, the authorities are legion which command that a strict construction must be employed as against the framer of the subject document (which in almost all cases involving apartment premises, as here, is the landlord) and that all inferences favorable to the tenant be resolved in the tenant’s favor.
"What, therefore, is the landlord’s right to recovery of expenses under the subject lease? The landlord by his own authorship has selected the specific words “If * * * landlord is compelled to incur any expenses” (emphasis supplied). Such a compulsion must be judicially examined in the atmosphere of affording reasonable protection to a landlord against the apparent dangers of a defaulting tenant. In such event, a landlord must satisfy the trial court that a reasonable course of conduct would command the institution of summary proceedings.
As a matter of pure logic, if it was a landlord’s intention to gain for himself the absolute right to recover expenses incurred by the mere bringing of a prior action, compulsion notwithstanding, he could have endowed himself with such a right by an expression in the lease of clear and unequivical language, which the landlord failed to do.
On this record therefore, and in the posture of this case, this court finds that as a question of fact and by virtue of the cir *960 cumstances surrounding the prior proceeding, the landlord was not1 ‘ compelled ” to bring on the proceeding and it is not entitled to the expenses incurred; and that the tender by the tenant to the landlord of the rent called for in the subject lease was sufficient in amount and timely offered and ,as such should have been accepted by the landlord. Accordingly, this petition is dismissed.