Patrick J. Picariello, J.
This action, brought by plaintiff (evicted tenant) to recover security deposited under a lease executed by the assignor of plaintiff’s assignor, against whose amended complaint defendant (landlord) has interposed a counterclaim to recover damages in the nature of legal expenses incurred by it as a result of plaintiff’s breach of the terms and conditions contained in the subject lease, was submitted to the court for determination on stipulated facts.
The following comprises a very succinct narration of the facts stipulated upon which the court believes it can make such determination.
By lease dated February 14, 1966, one Carroll, as tenant, deposited with defendant, as landlord, the sum of $10,000 as security for his faithful performance of the terms and conditions of the subject leasehold, which security was to he returned to said Carroll (par. 31 of the lease) “ after the date fixed as the end of the lease.” This lease was, by its term, fixed to expire on February 25, 1976.
Thereafter, and by assignment in writing dated and acknowledged by said Carroll on March 16,1966, said lease was assigned and delivered to Palace Books, Inc., and thereafter by assignment thereof in writing acknowledged February 23, 1968, said lease was further assigned and delivered by the latter to the plaintiff.
It is most significant to note that Carroll’s assignment to his immediate assignee, Palace Books, Inc., was silent as to the security deposited by him under the lease (supra) although the subsequent assignment from Palace Books, Inc., to plaintiff authorized the defendant landlord to make all payments and/or restitution of all deposit money to Palace Books, Inc.
A holdover proceeding predicated upon plaintiff’s breach of the terms and conditions of the subject lease was instituted by the defendant against plaintiff and resulted after trial in an award of final judgment of possession to the defendant. The warrant of eviction was executed on April 20, 1971, after the judgment of this court had been affirmed by the Appellate Term *942 and after permission for review had been denied by the Appellate Division on February 11,1971.
This suit was then instituted by plaintiff to recover the security deposited by Carroll by service of process on the defendant on October 13,1971.
Section 31 of the subject lease is interpreted to mean that the deposit of security is repayable to the tenant (Carroll) only after the expiration of the term originally therein fixed; ie., February 26, 1976. The fact that the lease was terminated by court judgment before its expiration date by a warrant of eviction issued thereunder and by its execution on April 20,1971, is of no moment. (See Rose Container Corp. v. Lieberman, 21 A D 2d 913, affd. 16 N Y 2d 818.)
Of vital importance to a determination of the present lawsuit is the fact that Carroll, upon his assignment of the lease to Palace Books, Inc., did not give up any of his rights thereto without a specific assignment of such deposit and neither Palace Books, Inc., nor the plaintiff has any right whatever thereto. (See 1 Rasch, Landlord and Tenant [2d ed., 1971], § 229, p. 294.)
The parties’ attempts to overcome this legal deficiency (Carroll’s failure specifically to assign the security to his assignee, Palace Books, Inc.) by stipulation that Carroll, if called as. a witness, would testify that he intended to assign the security with the leasehold to his immediate assignee is of no probative value. The court fails to understand how any such stipulation of Carroll’s testimony between the litigants can bind and/or foreclose Carroll of any claim he may have against either or both of the parties to this litigation with respect to the return of the security to him in view of the fact that he is not a party to this litigation, and no written or duly executed authorization for such testimony has been submitted. In view of the fact that the court concludes that plaintiff’s action is prematurely brought and is therefore dismissed without prejudice, a ruling on defendant’s objection that the court give no credence or consideration to Carroll’s testimony is thereby rendered moot. Moreover, it appears to the court that the proper procedure under the present circumstances would seem to dictate that Carroll be brought in by either of the parties in any future action instituted which addresses itself to the return of the security. For this reason, defendant’s claim that he has a right to apply the security as partial payment of its damages may not be entertained at this time.
Section 19 of the subject lease provides for tenant’s liability for any damages sustained by defendant landlord caused by *943 tenant’s default in the observance or performance of any of the terms and conditions in the leasehold contained, ‘ ‘ including, but not limited to, attorney’s fees in instituting, prosecuting, or defending any action or proceeding.” The parties have stipulated that defendant has paid the sum of at least $30,000 in legal fees imconnection with holdover proceedings for possession of the demised premises.
That this counterclaim is meritorious cannot be gainsaid. (See 379 Madison Ave. v. Stuyvesant Co., 242 App. Div. 567, revg. 275 N. Y. S. 953 and 207-17 West 25th St. Co. v. Blu-Strike Safety Razor Blades Co., 302 N. Y. 624.)
Plaintiff, in attempting to avoid liability, therefore, cites cases which are obviously inapplicable to the situation pertaining herein. In fact, in the case of Midboro Mgt. v. Epperson (39 Mise 2d 908, 911, 912), this court dismissed that portion of landlord’s petition which sought an eviction predicated upon attorney’s fees as additional rent and relegated the landlord to a plenary suit to recover the same. (Italics supplied.)
Plaintiff’s further reliance on stipulations executed between the parties during the pendency of this litigation is misplaced. It is its contention that defendant’s omission to include its legal fees in the stipulations constitutes a waiver thereof. These stipulations were entered into between the parties to provide for terms and conditions for plaintiff’s continued possession of the demised premises during the appeals taken by it and served to stay the execution of the warrant of eviction issued by the court under its judgment. Possession was the only issue litigated in the holdover proceeding. Further, if plaintiff’s argument is to be favorably entertained, the court would have to dismiss its case for the return of the security on the merits since the same was also not mentioned in the stipulations. The stipulations did not envision, nor were they intended to dispose of all the rights and obligations contracted for by the parties and arising out of the subject leasehold. Moreover, these were not stipulations to end the litigation upon which this court will at all times look with favor and to enforce which this court will exert every effort. They constituted stipulations enabling the plaintiff further to defend the holdover proceeding by review. Its reliance upon the stipulations is specious and meritless.
It is the court’s opinion that the plenary action instituted by defendant by way of counterclaim to plaintiff’s amended complaint to recover legal fees as damages survived the final judgment of the court and its resulting termination of the leasehold by the execution of the warrant of eviction.
*944 Plaintiff’s complaint is dismissed without prejudice, since it was prematurely instituted, and the court finds judgment in favor of the defendant on its counterclaim against the plaintiff for the sum pf $30,000 and costs.
The clerk is directed to enter judgment accordingly. Ten days ’ stay of execution.