■ TRUMP VILLAGE SECTION 3, INC., Appellant, v SAMUEL MOORE, Respondent. (And a Third-Party Action.) — In an action (1) for a declaratory judgment, (2) to enjoin defendant from harboring an animal in his apartment, and (3) to recover attorney's fees pursuant to a written agreement, plaintiff appeals from an order of the Supreme Court, Kings County (Yoswein, J.), entered February 13, 1981, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, plaintiff's motion is granted and it is declared (1) that the provisions of plaintiff's occupancy agreement and rules and regulations which prohibit the harboring of animals are reasonable and enforceable, and (2) that defendant has violated these provisions. Defendant is enjoined from breaching or violating the provisions of the rules and regulations and occupancy agreement which prohibit the harboring of animals on plaintiff's property, and the matter is remitted to the Supreme Court, Kings County, for the assessment of legal fees due plaintiff from defendant. Plaintiff is a Mitchell-Lama Housing Co-operative in which defendant is a shareholder-tenant. The occupancy agreement signed by the parties on July 3, 1964, as well as the rules and regulations of the co-operative, prohibit the harboring of animals on plaintiff's premises. Defendant has been harboring a dog in his apartment for at least seven years. In November, 1973 the parties settled a summary holdover proceeding brought by plaintiff to evict

defendant for harboring the dog. The stipulation which settled the proceeding allowed defendant to keep his dog for five years. After the five years had elapsed and after several attempts to enforce the stipulation in the Civil Court, plaintiff started this action in the Supreme Court, Kings County, for a declaratory judgment, an injunction and legal fees, pursuant to the occupancy agreement and the rules and regulations. Defendant asserts several defenses, including consent, accord and satisfaction, and that the enforcement of the animal prohibition was discriminatory. Special Term found that the defenses raised triable issues of fact. This court has previously held, in a case which dealt with the same co-operative and its prohibition against harboring animals, that the rule was valid and that the defense of selective enforcement does not raise a triable issue of fact when defendant is in violation of the rule (see *Trump Vil. Section 3 v Kavowras,* 53 AD2d 889). Defendant's other defenses do not raise triable issues of fact and are without merit. We therefore hold that summary judgment should be granted (see *Brigham Park Coop. Apts. Section No. 2 v Krauss,* 21 NY2d 941; *Kingsview Homes v Jarvis,* 48 AD2d 881). The occupancy agreement signed by the parties states that attorney's fees are recoverable. Such agreements are valid and enforceable (see *Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516). Hopkins, J. P., Mangano, Rabin and Cohalan, JJ., concur.