■ STEVEN J. KUMBLE, Respondent, v WINDSOR PLAZA Co. et al., Appellants, and GAIL SHEEHY, Respondent. (Action No. 1.) HAROLD HERMAN, as Trustee, Appellant, v GAIL SHEEHY, Respondent. (Action No. 2.) GAIL SHEEHY, Respondent, v HAROLD HERMAN, as Trustee, Respondent. (Action No. 3.)—Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered May 19, 1986, which, *inter alia,* awarded plaintiff Steven J. Kumble $15,000 damages and apportioned liability among Harold Herman, as trustee, and Windsor Plaza Co. in the amount of 75%, A. J. Clarke Management Corp. in the amount of 20% and Gail Sheehy in the amount of 5%; directed immediate repairs of Sheehy's terrace; declared Sheehy's right to use the terrace; dismissed Harold Herman's action against Sheehy; and awarded Sheehy $95,065.15 in attorney's fees; unanimously modified, on the law, to reverse the award of $95,065.15 in attorney's fees and to remand the matter to the trial court for a hearing to determine the

reasonable value of Sheehy's attorney's fees, and otherwise affirmed, without costs.

We agree with the trial court that defendant Gail Sheehy is entitled to an award of counsel fees from her landlord after prevailing in this action. (Real Property Law § 234.) However, we find that the trial court was unwarranted in relying on attorney's affidavits alone in settling the amount of the award. The landlord demonstrably objected to the specific amount claimed and the services performed in the papers it submitted in opposition at Trial Term. As such, questions of fact arise which require an adversarial hearing at which the reasonable value of the services may be determined. *(Weinberg v Weinberg,* 95 AD2d 828, 829; *Feierstein v Moser,* 124 Misc 2d 369.)

Sheehy's contention that the landlord "waived" its right to a hearing in a "binding" agreement made during an informal colloquy before the Trial Judge is misplaced. It appears that at that bench conference the court suggested that, in light of the just-completed grueling nine-day trial, proof as to the value of attorney's fees be taken by affidavits rather than by testimony. That the landlord's counsel consented to that accommodation does not give rise to a waiver of a right to contest the amount claimed and the services performed. Given the extent of the nature of counsel's objections, affidavits alone will not suffice, and the reasonable amount of the fee must be proved in an adversarial hearing. *(E.g., Weinberg v Weinberg, supra.)*

We have examined the other points raised on this appeal and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas and Ellerin, JJ.