■ FRANK LIVIGNE et al., Appellants, v D'AGOSTINO SUPER-MARKETS, INC., Respondent. [616 NYS2d 515] —In an action, *inter alia,* to recover rent pursuant to a lease, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 30, 1992, which denied their motion for summary judgment on the third cause of action for expenses and attorneys' fees, and (2) an order of the same court, dated August 13, 1992, which denied their motion to renew and reargue.

Ordered that the order dated March 30, 1992, is reversed,

on the law, the plaintiffs' motion for summary judgment in their favor is granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of expenses and reasonable attorneys' fees; and it is further,

Ordered that the appeal from the order dated August 13, 1992, is dismissed as academic, in light of our determination on the appeal from the order dated March 30, 1992; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The subject lease provided that the defendant would reimburse the plaintiffs for any expenditures, including attorneys' fees, incurred as a result of the defendant's default in paying rent. After the plaintiffs commenced this action to recover unpaid rent, the defendant tendered the rent for the months in question. The plaintiffs then moved for summary judgment on the third cause of action of the complaint, which sought to recover expenses and attorneys' fees incurred by the plaintiffs in bringing this action. In support of the motion, the plaintiffs submitted, *inter alia*, a bill from their attorneys in the amount of $4,234.50.

The Supreme Court erred in denying the plaintiffs' motion in its entirety, as the lease provision regarding the recovery of expenses and attorneys' fees is valid and enforceable *(see, Trump Vil. Section 3 v Moore,* 84 AD2d 812). We agree, however, that the fees sought by the plaintiffs appear to be unreasonable. On the record before us, we are unable to determine what would constitute a reasonable fee under the circumstances of this case. We therefore remit the matter to the Supreme Court, Nassau County, for an assessment of expenses and reasonable attorneys' fees *(see, Fleet Credit Corp. v Harvey Hutter & Cox,* 207 AD2d 380; *Tuttle v Juanis,* 54 AD2d 589; *cf., Jordan v Freeman,* 40 AD2d 656). Bracken, J.P., Copertino and Santucci, JJ., concur.

Altman, J., concurs in part and dissents in part, and votes to grant the plaintiffs' motion for summary judgment, and to award the plaintiffs $1,500 in attorneys' fees, with the following memorandum, with which Miller, J., concurs: I concur in the reversal of the order of the Supreme Court, but would not remit the matter for a hearing to determine the amount of reasonable attorneys' fees. A court is considered an expert to determine the reasonable amount of attorneys' fees *(see, McAvoy v Harron,* 26 AD2d 452, *affd* 21 NY2d 821). In this case, the interests of judicial economy are best served by the

exercise of our power to review the facts and determine the proper amount of attorneys' fees (see, CPLR 5501 [c]).

The underlying action is to recover rent arrears and attorneys' fees based upon a written lease. In support of their application for attorneys' fees, plaintiffs submitted, inter alia, a bill from their attorney in the amount of $4,234.50. While there was no affidavit from the attorneys breaking down the number of hours worked or explaining the work done and the necessity therefor, it is clear from the record before us, that at least 10 hours were expended by the attorneys. The low end of an average hourly rate for a law firm is $150 per hour.

A summons and complaint were drafted and served, indicating a prior interview with the clients and an examination of the underlying lease and rent records. After commencement of the lawsuit, the rent arrears were paid. A motion was then made for summary judgment as to the attorneys' fees. No salutary purpose would be served by remitting this matter to the Supreme Court, Nassau County, for a hearing with regard to those fees when the record so clearly reflects the amount of work undertaken by the attorneys through the summary judgment stage.

The absence of a detailed affidavit of services precludes a finding that more than the minimum necessary amount of work was performed. Absent such a submission, the award of attorneys' fees should be limited to the minimum fee readily discernible from the papers, the sum of $1,500. To remit this case for a hearing would simply afford counsel a second opportunity to address a defect in the moving papers and unnecessarily burden the trial court.

The award of counsel fees should not signal our condonation of the submission of inadequate papers. It is simply a recognition that the state of this record allows us to award counsel fees and end this litigation.