■ BANKERS TRUST COMPANY OF CALIFORNIA, N. A., as Trustee, et al., Respondents, v WEST SHORE APT. CORP., Appellant. [722 NYS2d 165] —Order and judgment (one paper), Supreme Court, New York County (Franklin Weissberg, J.), entered on or about July 28, 2000, which, upon a prior order, same court and Justice, entered on or about February 8, 2000, granting plaintiffs' motion for summary judgment, (1) declared that plaintiff Bankers Trust Company (Bankers Trust) was entitled to transfer shares allocated to an apartment in a cooperative building operated by defendant to plaintiffs Brill and Mittman, (2) directed defendant to execute and deliver all documents necessary to complete said transfer, (3) awarded plaintiffs $12,000 in attorneys' fees, and (4) awarded plaintiffs $16,256.08, representing maintenance charges on the cooperative apartment since December 1, 1997, unanimously modified, on the law, to the extent of vacating the award of $12,000 in attorneys' fees and remanding the matter for a hearing to determine the appropriate amount of legal fees incurred by plaintiffs, and otherwise affirmed, without costs. Appeal from the February 8, 2000 order, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

A review of the subject Proprietary Lease and Recognition Agreement discloses that the motion court correctly determined that, in the event of a default by the lessee, as here, the shares of stock allocated to the apartment in defendant's building were transferable by plaintiff bank, the lessee's lender, without approval by defendant residential cooperative's board.

The award of the maintenance charges paid by plaintiffs since December 1997 was proper because the transfer of the shares allocated to the subject apartment should have been, but was not, effected at that time.

We modify only to the extent of vacating the award of attorneys' fees and remanding for a hearing as to the reasonableness of the fee claimed. Although plaintiffs are entitled to

an award of attorneys' fees pursuant to Real Property Law § 234, their attorney's affirmation in justification of the fee sought was unsupported by contemporaneous time records. Since the defendant objected to the amount sought, a hearing should have been conducted to determine the reasonableness of the fee claimed (*see*, *Kumble v Windsor Plaza Co.*, 128 AD2d 425, *lv dismissed* 70 NY2d 693). Concur—Sullivan, P. J., Tom, Mazzarelli, Ellerin and Friedman, JJ.