■ SOLOW MANAGEMENT CORP., Respondent-Appellant, v STEVEN TANGER et al., Appellants-Respondents. [766 NYS2d 559]—

Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered March 18, 2002, which awarded plaintiff the principal amount of $326,842.13, unanimously modified, on the law, to vacate a 50% rent abatement for a two-week period, based on conditions in defendants' apartment, in the amount of $1,591.22 and the award of $5,000 for attorneys' fees, and remand the matter for a hearing to determine the actual amount of counsel fees, and otherwise affirmed, without costs.

The record in this protracted litigation (*see Solow v Wellner,* 86 NY2d 582 [1995]) supports plaintiff's entitlement to the rent arrears awarded, any evidentiary shortcomings in its prima facie case having been resolved at trial. Plaintiff is entitled to interest on the arrears since defendants' purported tenders pursuant to CPLR 3219 were conditional and, thus, did not stop the accrual of interest (*see Cohen v Transcontinental Ins. Co.,* 262 AD2d 189, 190-191 [1999]). Defendants' counterclaim for breach of an express warranty is not viable (*Solow v Wellner* at 589). As to the breach of the warranty of habitability (Real Property Law § 235-b), the evidence reflects a diminution in the value of the common areas due to inadequate and unreliable elevator service in this high-rise apartment building over a period of five years, warranting a 5% rent abatement (*see Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 329-330 [1979], *cert denied* 444 US 992 [1979]; *Solow v Wellner,* 154 Misc 2d 737, 741 [1992], *affd in part* 205 AD2d 339 [1994], *affd* 86 NY2d 582 [1995]). However, in view of the finding that plaintiff promptly made any necessary repairs, the 50% abatement granted defendants for buckling floors during a two-week period is without foundation (*see Solow v Wellner,* 154 Misc 2d at 740-741). While the court properly found plaintiff to be the prevailing party (*see Duell v Condon,* 84 NY2d 773, 778 [1995]; *Peachy v Rosenzweig,* 215 AD2d 301, 302 [1995]), a hearing is required to determine the amount of attorneys' fees actually incurred by plaintiff (*see Zimiles v Hotel Des Artistes,* 216 AD2d 45 [1995]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.