■ SOLOW MANAGEMENT CORP., Respondent, v STEVEN TANGER et al., Appellants. [797 NYS2d 456]—

Judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered July 29, 2004, which, following a hearing on the amount of attorneys' fees to be awarded plaintiff, awarded the aggregate amount of $655,241.10, unanimously reversed, on the law, without costs, and the matter remanded for a new hearing.

On a prior appeal, this Court affirmed, with a minor modification, a substantial award for rent arrears in favor of plaintiff landlord Solow Management and against defendant tenants Steven and Debra Tanger (see Solow Mgt. Corp. v Tanger, 1 AD3d 165 [2003]). However, as to the trial court's award to plaintiff, without a hearing, of attorneys' fees in the sum of $5,000, this Court vacated and remanded "for a hearing to determine the actual amount of counsel fees" (id.). Upon remand, the hearing court's award in the amount of $655,241.10 was comprised of the entirety of attorneys' fees paid by plaintiff during the litigation ($482,230.72) plus 11% interest calculated as of the date of each bill.

It is again necessary to remand this matter for a new determination of attorneys' fees. The hearing court erred in holding the reasonableness of the charged fees to be irrelevant in view of this Court's language in the remand order. Our use of the

term "actual" was merely intended to clarify that the attorneys' fee award should be derived from the amount of work actually performed and billed, rather than an amount bearing no particular relation to the work performed. It did not imply that any amount charged by plaintiff's attorneys and paid by plaintiff was automatically chargeable to defendants.

Before ordering one party to pay another party's attorneys' fees, the court always has the authority and responsibility to determine that the claim for fees is reasonable. Underlying this responsibility is "the traditional authority of the courts to supervise the charging of fees for legal services under the courts' inherent and statutory power to regulate the practice of law" (*Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]). As a general matter, case law establishes that where a landlord has a right to recover attorneys' fees pursuant to a lease provision, the recoverable fees are those that are reasonable (*see e.g. Livigne v D'Agostino Supermarkets*, 207 AD2d 776 [1994]; *Barrios v Klein*, 133 AD2d 574 [1987], *lv dismissed* 70 NY2d 1002 [1988]; *Kumble v Windsor Plaza Co.*, 128 AD2d 425 [1987], *lv dismissed* 70 NY2d 693 [1987]). Moreover, inasmuch as a tenant's reciprocal entitlement to attorneys' fees under Real Property Law § 234 specifically authorizes recovery of "reasonable" attorneys' fees (*see Cier Indus. Co. v Hessen*, 136 AD2d 145 [1988]), the attorneys' fees to which a landlord is entitled under a lease must be similarly restricted.

In addition, on remand the IAS court must adjust the manner in which prejudgment interest on the fee award is calculated. CPLR 5001 (b) expressly provides for prejudgment interest as follows: "Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." It has been observed, in applying CPLR 5001 (a) to a request for prejudgment interest on an award of attorneys' fees pursuant to a residential lease and Real Property Law § 234, that the date on which the right to interest on the fees accrues is that on which the party seeking fees was determined to be the prevailing party: "In the ordinary contract or property action, interest is computed on damages for breach of contract or property right and flows from the date of the breach. Attorney fees are not damages for breach of any substantive provision of a contract or substantive property right. Rather, they represent a conditional award or prerogative which

does not mature until the underlying action or proceeding has been determined. In the court's opinion that establishes the appropriate date from which interest should flow" (*119 Fifth Ave. Corp. v Berkhout*, 135 Misc 2d 773, 774 [1987]; *see also Nestor v Britt*, 270 AD2d 192 [2000]).

The calculation of prejudgment interest on the fee award here should be from November 28, 2001, the date the court determined that plaintiff had prevailed on its claim and was therefore entitled to an award of attorneys' fees.

Finally, we reject defendants' argument about "fees on fees," which have been held recoverable under Real Property Law § 234 (*David Z. Inc. v Timur on Fifth Ave.*, 7 AD3d 257 [2004]). Concur—Buckley, P.J., Saxe, Nardelli and Williams, JJ.