■ SOLOW MANAGEMENT CORP., Respondent-Appellant, v STEVEN TANGER et al., Appellants-Respondents. [841 NYS2d 532]—

Judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered September 20, 2006, which, inter alia, awarded plaintiff attorneys' fees in the amount of $652,141.94, plus interest calculated from April 4, 2004, costs and disbursements, unanimously modified, on the facts, the attorney fee award reduced to $290,737, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment in accordance herewith.

Although plaintiff was entitled to attorneys' fees in this contentious and protracted landlord-tenant dispute, a review of the fees incurred shows that the amount awarded was excessive and a reduction to the amount indicated, a figure still exceeding the amount at issue but bearing a closer relationship to it, is warranted (see Matter of Freeman, 34 NY2d 1, 9 [1974]).

This Court previously directed that the "calculation of prejudgment interest on the fee award here should be from November 28, 2001, the date the court determined that plaintiff had prevailed on its claim and was therefore entitled to an award of attorneys' fees" (19 AD3d 225, 227 [2005]). However, we did not direct that all interest must necessarily be added from that date, but only that the "calculation" should begin from that date. Since the fees in this matter were incurred at various times, including a period after November 28, 2001, the court's decision to choose a "reasonable intermediate date" of April 4, 2004 from which all interest should run was a rational exercise of its discretion (see CPLR 5001 [b]).

We have examined the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.